OLAUS BENDIKSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 26, 1900.

Nos. 12,100—(130).

**Pleading—Possession of Lessee.**

An answer alleging that defendant "took possession of said tract of land as lessee" of the owner, and has ever since remained in possession "as such lessee," *held*, as against an objection first made in this court, a sufficient allegation that defendant leased the land from the owner, and was occupying it under such lease.

**Deed from Railway—Reservation for Right of Way.**

A deed conveying a tract of land contained the following clause or reservation: "Reserving, however, unto the Saint Paul, Minneapolis & Manitoba Railway Company, its successors or assigns, for a right of way or other railway purposes, a strip of land one hundred fifty feet wide over the above-granted premises, where the line of its road or

1 Reported in 83 N. W. 194.

any of its branches, or the line of any other railroad or the branches thereof, now owned or operated or which may hereafter be owned or operated by it, is now located and constructed, or may hereafter be located or constructed." *Held*, that such clause constitutes a reservation of the right of way, and is not a mere exception of the fee; that it is a reservation of such right of way for a line of railroad to be located in the future, and is not void for uncertainty or indefiniteness in the description.

Action of ejectment in the district court for Polk county. The case was tried before Ives, J., who directed a verdict in favor of defendant. From a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*H. Steenerson* and *W. E. Rowe*, for appellant.

*Thos. R. Benton*, for respondent.

BROWN, J.

This is an action in ejectment. The land in controversy is a strip one hundred fifty feet wide, occupied by defendant as its right of way, extending over and across the southeast ¼ of section 7, township 147, range 48, Polk county. The tract of land over which this right of way so extends was a part of the land grant of the St. Paul, Minneapolis & Manitoba Railway Company, and was by that company sold and conveyed to one Stenen on September 28, 1891. Plaintiff claims title through Stenen, and defendant claims the right to occupy the strip in controversy for right of way purposes as lessee of the Manitoba Company. The deed conveying the land to Stenen by the Manitoba Company contained the following reservation, to-wit:

"Reserving, however, unto the Saint Paul, Minneapolis & Manitoba Railway Company, its successors or assigns, for a right of way or other railway purposes, a strip of land one hundred fifty feet wide over the above-granted premises, where the line of its road or any of its branches, or the line of any other railroad or the branches thereof now owned or operated, or which may hereafter be owned or operated by it, is now located and constructed, or may hereafter be located or constructed."

Defendant's asserted rights are founded on this reservation, and the principal question in the case is as to its proper construction and interpretation.

Preliminary to this main question, plaintiff contends that the answer of defendant is insufficient, and contains no allegation that the Manitoba Company ever leased this right of way to defendant, and, even if the fact is sufficiently pleaded, that there is no evidence or proof thereof. The allegations of the answer on this subject are as follows:

"Further answering, defendant avers that during the month of October, 1896, it took possession of said railroad and of said strip of land as lessee of the said St. Paul, Minneapolis & Manitoba Railway Company, and ever since said time has been, and now is, operating said railroad and occupying said strip of land for right of way therefor as such lessee, and not otherwise."

It is true that the answer contains no direct or distinct allegation that this particular right of way was leased to defendant. It merely alleges that defendant took possession thereof as lessee. No point was made on this subject in the court below, and every reasonable intendment is to be indulged in favor of the pleading as against an objection first made in this court. Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340. The answer must be construed broadly and liberally, and, giving it such construction, it inferentially, at least, alleges a lease from the Manitoba Company to defendant, and it must be sustained. No doubt the answer would have been held bad on demurrer, but every presumption must be taken against the party who objects to the pleading of his adversary for the first time on appeal.

The plaintiff's further contention that the lease offered in evidence in support of the answer is insufficient to show a lease of this right of way is not sound. An examination of the contract shows that the Manitoba Company leased to defendant for the term of 999 years all lines of railway, right of way, and other property owned by it at the time, and all such property which it might thereafter acquire.

The main controversy in the case is over the construction to be given to the reservation contained in the Stenen deed. The contention of appellant is that, inasmuch as the line of railroad of which this right of way now forms a part was not in existence or contemplated by the railroad company at the time the deed was executed,

the reservation clause was inoperative and ineffectual for any purpose; that the clause, construed in accordance with the meaning he gives to it, which he insists is in harmony with the apparent intention of the parties, implies the existence of a present line of road, although the definite location thereof might thereafter be selected and made known. Counsel's contention is ingenious and plausible, but cannot be adopted without doing violence to the language and substance of the clause. The reservation, being indefinite as to description and location, is a mere float, and must be construed strongly against the grantor. As stated in Hedderly v. Johnson, 42 Minn. 443, 447, 44 N. W. 528:

"Construing it as giving the railroad company the right to locate the easement by a subsequent location of the line would leave it in the nature of a 'float,' which, as it would be more onerous to the grantee than a definitely located easement, the court would avoid, if it could be done by a probable interpretation of the terms of the clause."

But, construing the reservation as other contracts are construed, the intention of the parties must control. Effect must be given to all the language used, and a reasonable interpretation applied. So construing it, it clearly reserves a strip of land for right of way purposes where the line of road is located at the date of the deed, or where such line may thereafter be located. It is not a mere exception of the fee. Carlson v. Duluth S. L. Ry. Co., 38 Minn. 305, 37 N. W. 341. There is no escape from this. The language is unambiguous, and is plain and explicit. To adopt the construction contended for by appellant would render meaningless the words "may hereafter be located." It is true that it is for a line of railroad for which the reservation is made, but it is not confined to a line then in existence, but covers and contemplates a line to be selected and located at some future time. The language of the clause in question is different from that involved in the Hedderly-Johnson case. In that case there was no reservation for a future location, but only for a future construction. In this case a future location and construction are both reserved.

Counsel for appellant also contend that, there being no definite description of the strip of land reserved, it is void for uncertainty.

They cite no authorities directly in point, and we have been unable
to find any to sustain the position. As sustaining the contrary
view may be cited Carlson v. Duluth S. L. Ry. Co., supra; Burrow v.
Terre Haute, 107 Ind. 432, 8 N. E. 167; Barlow v. Chicago, 29 Iowa,
276.

Our conclusion is that the learned trial court correctly disposed
of the case, and the judgment appealed from is affirmed.