Decided 12 January, 1907.

### EATON *v.* BLACKBURN.

88 Pac. 303.

TRIAL—WITNESS—INDICATING EXPECTED ANSWER.

1. A request of an expert witness: "State whether or not this hay you saw there is considered as marketable hay here in Baker City, compared with other kind that is sold here"—sufficiently advises the court as to what was sought to be proved by the witness so that the court could determine whether the answer was material and relevant without a statement by counsel.

SALES—INFERIOR QUALITY—CONSTRUCTION OF PLEADINGS.

2. In an action for breach of contract to purchase hay where defendants alleged that plaintiff agreed to sell them good, No. 1, merchantable hay, a reply denying that the hay delivered was not good or merchantable and controverting all other allegations of new matter in the answer, is equivalent to denying that plaintiff stipulated to sell No. 1 hay, and evidence that the hay delivered was merchantable is within the issues.

WORDS AND PHRASES—MERCHANTABLE AND MARKETABLE.

3. The words "merchantable" and "marketable" are practically synonymous, as applied to property sold by quality and description.

From Baker: SAMUEL WHITE, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by A. E. Eaton against Edward Blackburn and C. H. Breck, partners as Blackburn & Breck, to recover the sum of $233.70. The facts are that the defendants agreed to purchase from the plaintiff five car loads of baled hay, f. o. b., at Nodine Spur, Union County, to be transported to Baker City, and to pay therefor $11.50 a ton. The plaintiff shipped two car

loads, containing 20 tons and 645 pounds, but the defendants, never having seen any of the hay before it reached Baker City, refused to accept it on the ground that it was not of the quality represented and so notified the plaintiff, who thereupon instituted this action. The answer denied the material allegations of the complaint, and averred that plaintiff agreed to sell and deliver to the defendants on the cars, at the place and price stated, 50 tons of good, No. 1, merchantable hay, expressly warranting that it should be of that quality, upon which representations they relied. A breach of the conditions is then alleged to the effect that the hay shipped was not as represented, whereby the defendants sustained damages in the sum of $50, for which judgment was demanded. The reply put in issue the allegations of new matter in the answer, and, the cause being tried, judgment was rendered against the plaintiff for the costs and disbursements, and he appeals.                          REVERSED.

For appellant there was a brief with oral arguments by *Mr. Leroy Lomax* and *Mr. Gustav Anderson.*

For respondents there was a brief with oral arguments by *Mr. John Langdon Rand* and *Mr. Samuel White.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. M. S. Hughes, as plaintiff's witness, testified that he had managed a farm for 20 years; that he was familiar with the handling and selling of hay; and that he had minutely examined the hay in question, and was asked:

"Have you seen and observed hay selling in the market here in Baker City this winter; do you know the kind of hay that is sold here by the stores?"

He answered:

"Yes; I have."

Q. "State whether or not this hay you saw there is considered as marketable hay here in Baker City, compared with other kind that is sold here?"

An objection to this question on the ground that it was incompetent, irrelevant and immaterial, and that the witness had not shown himself qualified, having been sustained, an excep-

tion was saved and it is contended by plaintiff's counsel that an error was thereby committed. It is argued by defendants' counsel, however, that the question asked does not indicate who, if any person, "considered" the hay marketable; that an answer to the question would have permitted a comparison of the hay shipped with other hay claimed to have been sold in various places without attempting to show that such other hay was marketable, thereby permitting the witness to speculate as to what he believed other persons thought of the hay and excluding his own knowledge in relation thereto; and that no statement was made by plaintiff's counsel of what he expected to prove by the witness; and hence no error was committed as alleged. The object of stating what fact is expected to be proved by a witness who is not permitted to answer a question is to advise the court thereof, so as to enable it to determine whether or not the testimony offered is relevant and material: *Stanley* v. *Smith,* 15 Or. 505 (16 Pac. 174) ; *State* v. *Savage,* 36 Or. 191 (60 Pac. 610, 61 Pac. 1128). When the answer sought, however, is reasonably inferable from the question asked, it is not necessary to state what testimony is thus expected: *Beers* v. *Aylsworth,* 41 Or. 251 (69 Pac. 1025). The court was sufficiently advised, from the question asked, to determine whether or not the answer sought was material and relevant, and, this being so, plaintiff's counsel was not required to state what the witness would say in response to the inquiry.

2. The defendants allege in their answer that the plaintiff agreed to sell to them good, No. 1, merchantable hay. The reply denies that the hay delivered was not good or merchantable, and further controverts all other allegations of new matter in the answer. This is equivalent to denying that plaintiff stipulated to sell No. 1 hay. As a witness in his own behalf, he testified that the hay shipped to the defendants was mixed timothy that was good for feeding stock, but not first-class because it was bleached. This declaration under oath tended to show that the hay was "good" and the plaintiff had the right further to prove that it was "merchantable"—that is, salable in the market

because of its fitness to feed stock *(Wood* v. *United States,* 11 Ct. Cl. 680)—and thus confine the proof to the issue for which he contended.

3. An examination of the question to which objection was made will show that Hughes was asked to state whether or not the hay which the plaintiff shipped to the defendants was considered as "marketable" at Baker City when compared with the kind of hay which he knew had been sold therein in the winter of 1905-06. It will be remembered that the answer alleges that the plaintiff agreed to sell "merchantable" hay, and that the question adverted to specifies "marketable" hay. One of the definitions given in Webster's International Dictionary of the word "marketable" is: "Wanted by purchasers; salable." So that the term used in the question is sufficiently synonymous with the word "merchantable" as used in the answer to limit the inquiry to the issue. True, the witness was not asked to declare who "considered" the hay marketable, but it is reasonably to be deduced from the context of the question that it was so deemed by himself, and, inferentially, by the persons who purchased the kind of hay he had seen sold in Baker City that winter. Hughes' examination disclosed that he was qualified to testify in relation to the question asked, in refusing to permit him to answer which, we think, an error was committed, and, this being so, the judgment is reversed, and a new trial ordered.                                REVERSED.