## JOHN BRUEGGER, as Trustee of the Bruegger Mercantile Company, v. JOSEPH CARTIER.

### (151 N. W. 34.)

Plaintiff contracted to give good title to a tract of land which he had previously purchased from the Great Northern Railway Company under a deed containing the following reservation: "Reserving, however, to the St. Paul, Minneapolis, & Manitoba Railway Company, its successors or assigns, for right of way or other railroad purposes, a strip of land 150 feet wide, from the above granted premises where the lines of its road or any of its branches, or the line of any other railroad or the branches thereof, now owned or operated, or which may hereafter be owned or operated, by it, is now located and constructed, or may hereafter be located and constructed." When plaintiff tendered a deed to the premises objection was made to his title upon the grounds that it was unmarketable by reason of the foregoing reservation. The balance of the purchase price was, however, deposited in a reputable bank payable to the order of the plaintiff when he should be able to give a proper title to the tract.

**Real estate — title — consideration — deed — tender.**

1. Defendant was not obliged to accept the title offered, even though it might prove ultimately to be good, but he was justified in demanding a title not only good in fact, but one that was good beyond a reasonable doubt. Such reasonable doubt is one that would cause hesitation in the judicial mind before deciding it.

Note.—An elaborate note on the question what constitutes a marketable title is found in 38 L.R.A.(N.S.) 3, and the few cases which have considered the effect of an easement to render the title unmarketable are collated on p. 33. These cases generally hold that the existence of an easement renders the title unmarketable, although the contrary is held in one case as to a highway easement across the land to be conveyed.

Contract for deed — representations — provisions — construction — risk of title — assuming.

2. A clause in the contract whereby defendant agreed "that he has entered upon the above written contract relying on his own knowledge of such premises, and not upon any representations made by the party of the first part, or by any other persons, touching the situation, character, or quality thereof," does not mean that the defendant assumed the risks of title. ·

Equity — action in — forfeiture — nonpayment of purchase price — deposit — counterclaim — relief under.

3. Plaintiff brings this action in equity to enforce a forfeiture of the contract for nonpayment of the balance of the purchase price, which was deposited in the bank as aforesaid. Under the evidence, it is *held*, that such deposit was sufficient, that no grounds of forfeiture existed, and that defendant is entitled to the relief demanded in his counterclaim.

Opinion filed February 1, 1915. Rehearing denied February 19, 1915. ·

Appeal from the District Court of Williams County, *Leighton,* Special Judge.

Reversed.

*Geo. A. Gilmore* and *F. B. Lambert,* for appellant.

An agreement to sell real estate binds the seller to execute conveyances in form sufficient to pass title. Rev. Codes 1905, § 5401.

The following land burdens or servitudes upon land may be attached to other lands as incidents or appurtenances, and are then called easements: The right of way. Rev. Codes 1905, § 4975.

The following land burdens or servitudes upon land may be granted and held, though not attached to the land: The right of way. Rev. Codes 1905, § 4788.

A transfer of real property conveys all easements attached thereto. Rev. Codes 1905, § 4975.

A reservation in a deed to real property of a right of way, is binding upon the grantee. Such a reservation is good, and the part of the land necessary to the exercise of such reservation may be taken and used at any time. No title to same passed to grantee, and therefore a deed containing such a reservation does not convey a good or marketable title. Dunstan v. Northern P. R. Co. 2 N. D. 46, 49 N. W. 426; Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544; Wells v. Pennington County, 2 S. D. 1, 39 Am. St. Rep. 758, 48 N. W. 305.

Such reservations in deeds are not void for uncertainty; they are not mere exceptions of the 'fee, and they may be enforced for the purpose or purposes designated, at any future time. Bendikson v. Great Northern R. Co. 80 Minn. 332, 83 N. W. 194; Carlson v. Duluth Short Line R. Co. 38 Minn. 305, 37 N. W. 341; Biles v. Tacoma, O. & G. H. R. Co. 5 Wash. 509, 32 Pac. 211.

An agreement for the sale of property cannot be specifically enforced in favor of the seller, who cannot give to the buyer a title free from reasonable doubt. Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623; Brandenburg v. Phillips, 18 N. D. 200, 119 N. W. 542; Townshend v. Goodfellow, 40 Minn. 312, 3 L.R.A. 739, 12 Am. St. Rep. 736, 41 N. W. 1056; Spencer v. Sandusky, 46 W. Va. 582, 33 S. E. 221; McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527; Vreeland v. Blauvelt, 23 N. J. Eq. 485; Easton v. Lockhart, 10 N. D. 186, 86 N. W. 697; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365; Rev. Codes 1905, §§ 4787, 4795, 4797, 6617.

The plaintiff himself recognized this defect in his title, and later on obtained a new deed from the railroad company. The title, as it formerly was, being defective, it would not only be unjust but unlawful to permit plaintiff to cancel the contract. 39 Cyc. 1406 (iv) and note 6, 1441, § A, and page 1442 b; Crim v. Umbsen, 155 Cal. 697, 132 Am. St. Rep. 127, 103 Pac. 178; Easton v. Montgomery, 90 Cal. 307, 25 Am. St. Rep. 123, 27 Pac. 280; Tague v. McColm, 145 Iowa, 179, 123 N. W. 960; 36 Cyc. 632, and notes; Davis v. Lottich, 46 N. Y. 396; Delevan v. Duncan, 49 N. Y. 488.

No particular form is required to create an implied covenant. This is inferred from the words used by the parties where the language is plain that it was their intention to bind themselves as to all the terms of the contract. The law imputes a covenant in such case. Lovering v. Lovering, 13 N. H. 513; Frey v. Johnson, 22 How. Pr. 316; Johnson v. Hollensworth, 48 Mich. 140, 11 N. W. 843; Clark v. Devoe, 124 N. Y. 120, 21 Am. St. Rep. 652, 26 N. E. 275; Fowler v. Kent, 71 N. H. 388, 52 Atl. 554.

A purchaser under a general agreement to convey is entitled to the conveyance of a perfect title,—to a deed properly framed to convey it, and containing the usual covenants. 36 Cyc. 632; Shreck v. Pierce, 3 Iowa, 350; McCroskey v. Ladd, 3 Cal. (Unrep.) 433, 28

Pac. 216; Brown v. Widen, — Iowa, —, 103 N. W. 158; Herman v. Somers, 158 Pa. Rep. 424, 38 Am. St. Rep. 851, 27 Atl. 1050, also former citations; Rickert v. Snyder, 9 Wend. 421; Chapman v. Holmes, 10 N. J. L. 20; Real v. Hollister, 20 Neb. 112, 29 N. W. 189; Story v. Conger, 36 N. Y. 673, 93 Am. Dec. 546; Gibert v. Petelcr, 38 N. Y. 165, 97 Am. Dec. 785; 11 Cyc. 1064, note 2d col.; Sanford v. Wheelan, 12 Or. 301, 7 Pac. 324; Swayne v. Lyon, 67 Pa. 436; Dobbs v. Norcross, 24 N. J. Eq. 327; Moore v. Williams, 115 N. Y. 586, 5 L.R.A. 654, 12 Am. St. Rep. 844, 22 N. E. 233; Black's Law Dict. 273; Latimer v. Capay Valley Land Co. 137 Cal. 286, 70 Pac. 82.

It is not a sufficient compliance with the contract of the vendor to convey an estate, or that he is ready and willing to convey, if he has not the title. He must show at the time all this, and that he is able to convey and deliver a perfect title, as required by his general contract, and a purchaser will not be compelled to accept a title which is in the least degree doubtful. Cunningham v. Blake, 121 Mass. 333; Jeffries v. Jeffries, 117 Mass. 184; Powell v. Conant, 33 Mich. 396; Cavenaugh v. McLaughlin, 38 Minn. 83, 35 N. W. 576; McCroskey v. Ladd, 3 Cal. (Unrep.) 433, 28 Pac. 216; Brown v. Widen, — Iowa, —, 103 N. W. 158; Richards v. Knight, 64 N. J. Eq. 196, 53 Atl. 452; Daniell v. Shaw, 166 Mass. 582, 44 N. E. 991; Latimer v. Capay Valley Land Co. 137 Cal. 286, 70 Pac. 82; 36 Cyc. 632; 44 Century Dig. cols. 1613–1625.

Nor where the title is encumbered with a condition, even though it is doubtful whether or not such condition is valid. 1 Warvelle, Vend. & P. pp. 62, 363, 377; Black Hills Nat. Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071.

An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within this state of good repute, and notice is given to the creditor. Rev. Codes 1905, § 5259. The defendant fully complied with this law, although in this case it was not necessary for him to do so. He was simply required to offer full performance by his pleading. McWhirter v. Crawford, 104 Iowa, 550, 72 N. W. 505, 73 N. W. 1021; Gill v. Newell, 13 Minn. 462, Gil. 430; Brown v. Eaton, 21 Minn. 409; Gray v. Dougherty, 25 Cal.

266; Bensel v. Gray, 80 N. Y. 517; Kerr v. Purdy, 50 Barb. 24; McLeod v. Hendry, 126 Ga. 167, 54 S. E. 949; Walsh v. Colvin, 53 Wash. 309, 101 Pac. 1085; Miller v. Smith, 140 Mich. 524, 103 N. W. 872.

*Geo. H. Moellring* and *D. C. Greenleaf,* for respondent.

According to the terms of the agreement between these parties, plaintiff as trustee did not assume to become responsible as to the condition of the title. 9 Cyc. 587; 39 Cyc. 1295, 1296, and cases cited.

There has been no tender or offer of performance on the part of defendant. The pretended tender was only a conditional one. Defendant was in default, and could not insist upon specific performance. Spier v. Schappel, 86 Neb. 335, 125 N. W. 609; Watson v. Chandler, 133 Ky. 757, 119 S. W. 186; Easton v. Lockhart, 10 N. D. 181, 86 N. W. 697.

The purported reservation contained in the deed by the railway company to plaintiff is void for indefiniteness and uncertainty. There is no location made. · Lange v. Waters, 156. Cal. 142, 103 Pac. 889, 19 Ann. Cas. 1207, and cases noted.

In any event, defendant was in default under his contract with plaintiff, and plaintiff had declared a forfeiture, and had terminated the contract by due declaration, as the law then required. Foster v. Ley, 32 Neb. 404, 15 L.R.A. 737, 49 N. W. 450; Glock v. Howard & W. Colony Co. 123 Cal. 1, 43 L.R.A. 199, 69 Am. St. Rep. 17, 55 Pac. 713; Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207.

Time being of the essence of the contract, cancelation was warranted upon default in payment, defendant having refused to pay or to accept deed. 36 Cyc. 712 and cases cited; Kulberg v. Georgia, 10 N. D. 461, 88 N. W. 87; Chambers v. Roseland, 21 S. D. 298, 112 N. W. 148.

BURKE, J. This litigation involves a tract of land situated within the limits of the city of Williston. The first instrument with which we are concerned is a deed from the St. Paul, Minneapolis, & Manitoba Railway Company (now known as the Great Northern) to the plaintiff, which deed contained the following clause: "Reserving, however, to the St. Paul, Minneapolis, & Manitoba Railway Company, its

successors or assigns, for right of way or other railroad purposes, a strip of land 150 feet wide, from the above granted premises where the lines of its road or any of its branches, or the line of any other railroad or the branches thereof, now owned or operated, or which may hereafter be owned or operated, by it, is now located and constructed, or may hereafter be located and constructed." This deed is dated July 20, A. D. 1898. After some preliminary negotiations plaintiff made written agreement with the defendant, wherein he agreed to sell said tract to the defendant in consideration of the sum of $200, of which amount $140 was paid in cash and $60 was to be paid on the 24th of September, 1899, with interest. Said contract contained the provision that "in case the second party should fail to make the payments aforesaid, or any of them, eventually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of its agreements and stipulations aforesaid, strictly and literally, without any failure or default, the time of payment being of the essence of this contract, then the party of the first part shall have the right to declare this contract null and void. . . ." This contract is dated September 24, 1898. It appears without material controversy that shortly before the $60 became due, defendant offered to pay the plaintiff said sum if he would furnish him a good title to the premises, but objected to the reservation for right of way hereinbefore set forth, and to it alone, that Bruegger offered him a sufficient deed, but refused to take any steps towards further fortifying the title which he had received from said railway company. That thereupon defendant placed the $60, together with the full amount of interest due thereon, making a total of $64.80, in a reputable bank at Williston, for which he demanded and obtained the following receipt:

Williston, N. D., August 30, 1899.

Received of Joseph Cartier, sixty-four and eighty one-hundredths dollars, to be delivered to Bruegger Mercantile Company upon receipt of a proper deed to his land.

(Signed)    Williams County State Bank,
By W. H. Denny, Cashier.

Plaintiff was notified of this deposit, and further notified that one

Stewart, an attorney at Williston, had been chosen by defendant to pass upon said title, and that no deed would be accepted until the title had been approved by said attorney. As already stated, Bruegger refused to reinforce his title in any manner, and later served notice of cancelation of said contract. This action is brought by Bruegger to enforce said cancelation. The trial court found the facts substantially as above outlined, and therefrom made as conclusions of law that the title proffered by Bruegger was good, because the reservation of the right of way, being in the nature of a "float," was indefinite and void. The trial court further found that at the time of the making of said agreement, the defendant knew of the alleged right of easement, and had expressly stipulated in said agreement that he relied upon his own knowledge of said premises. Upon those two propositions, the trial court held with the plaintiff, and ordered a cancelation of contract, and quieted title in plaintiff upon payment of the purchase price with interest. Defendant appeals, demanding a trial *de novo* in this court.

(1) The first and principal contention of the respondent is that the deed and title offered by Bruegger was in all things sufficient, because the reservation of right of way was void, and we are cited to the case of Lange v. Waters, 156 Cal. 142, 103 Pac. 889, 19 Ann. Cas. 1207, and particularly to the note which follows the last citation. We think the position of the trial court in this matter is erroneous for the following reason. The defendant was entitled not only to a good title, but to a title which was good beyond a reasonable doubt. This principle is stated in Hedderly v. Johnson, 42 Minn. 443, 18 Am. St. Rep. 521, 44 N. W. 527, as follows: "Courts will not compel a vendee to take an unmarketable title when he has stipulated for a good one; and a title is deemed unmarketable, within this rule, where, although it may be good, there is a reasonable doubt as to its validity. The term 'reasonable doubt' is always used in this connection, because, as a doubt might be suggested or question raised as to most titles, it would go far to do away with the remedy by specific performance if a mere doubt raised, without regard to its character, were permitted to defeat the action. A doubt as to the title may be raised upon a question of law or upon a question of fact, or upon both law and fact. It is impossible to state any precise and definite rule by which to determine when a doubt raised upon a question of law is to be deemed reasonable.

Without going so far as some of the English cases, . . . we can at least say that the doubt suggested must raise a question of law that is fairly debatable,—one upon which the judicial mind would hesitate before deciding it." In reading the foregoing case it must be borne in mind that the clause which the Minnesota court did not deem sufficient to raise a reasonable doubt on the title, differs from the clause in the case at bar only in that it did not contain the words "may hereafter be located." Said case was decided February 4, 1890, and it is probable that the railway company in this case thereafter caused such clause to be inserted in their deeds, and that thereafter the same court held the clause to be binding in Bendikson v. Great Northern R. Co. 80 Minn. 332, 83 N. W. 194, in the latter case the reservation clause being identical with the one in this case. This court does not decide that such clause was either valid or void, because it is unnecessary to the determination of this case, and it would be unfair to make such a decision when the Great Northern Railway Company is not a party to the action, but we do think, in view of the decision of the Minnesota supreme court holding the reservation valid, and the fact that it is the only decision which we have been able to find covering this identical reservation, that there was reasonable doubt as to the validity of Mr. Bruegger's title, and that Cartier should not have been compelled to accept the same. We reach the conclusion, in this particular, that defendant was amply justified in refusing said title. See note in 38 L.R.A. (N.S.) 3; Dosch v. Andrus, 111 Minn. 287, 126 N. W. 1071.

(2) The next proposition upon which the respondent relies is the finding of the trial court that defendant knew of the condition of the title and agreed under the terms of the contract to accept the same. The clause of the contract upon which they stand reads: "It is hereby declared and agreed by the party of the second part that he has entered the above written contract, relying on his own knowledge of said premises, and not upon any representations made by the party of the first part, or by any other person, touching the situation, character, or quality thereof." It seems clear to us that this provision relates merely to the quality and location of the land, and was inserted to prevent any question as to warranties in those particulars. It does not, however, contemplate the title, as other particulars of the contract cover that. It may be conceded that defendant actually knew of this reservation,

but the contract merged all other agreements, and therein plaintiff agreed to give him good title to the land, and he had a right to rely upon his contract.

(3) Appellant next insists that the defendant was in default in his payments because the $60 deposited with the bank was not unconditionally paid to him. In this respect, he points to the fact that it was deposited in the bank to be paid to him only upon his producing the additional evidence of title. We must consider in this connection that this action is brought by Bruegger in equity, and he must show equity upon his own part before he can obtain relief. From the foregoing findings, it is evident that he could have had his money without question by obtaining from the railway company a release of its right of way reservation. The testimony shows that the money is still in deposit, and there was no doubt at any time of the safety of the $60 payment. Under those circumstances, it would be grossly inequitable to enforce a forfeiture against the defendant. It is our conclusion that the defendant is entitled to specific performance of his contract, and that plaintiff must furnish, in addition to the warranty deed already tendered, a release from the railway company of its right of way. It is true that he might seasonably have brought an action against the railway company and quieted his title against it by establishing his contention that the reservation was void, but this he has not attempted. In fact, the evidence shows that at the present time plaintiff has obtained a release. The judgment of the trial court is reversed, with directions to enter judgment in accordance with the views herein expressed.

Goss, J., being disqualified, did not participate in the above, HANLEY, Judge of the Twelfth Judicial District, sitting in his place by request.