## THOMAS KENNEDY v. A. E. DENNSTADT.

### (154 N. W. 271.)

**Vendor — executory contract — abstract of title — agreement to furnish within specified time — condition precedent — performance by vendee.**

1. An agreement by a vendor in an executory contract to furnish within a specified time an abstract showing a good and merchantable title to the property conveyed is a condition precedent, and the vendor must show a compliance therewith before he can require performance on the part of the vendee.

**Good and merchantable title — meaning of — fee simple — free from litigation — palpable defects — doubts — enables purchaser to sell or mortgage.**

2. A good and merchantable title means a title in fee simple, free from litigation, palpable defects, and grave doubts, which will enable the purchaser not only to hold the land in peace, but which will also enable him, whenever he may desire to so do, to sell or mortgage it to a person of reasonable prudence and caution.

**Pleading — general denial — qualified — in issue — what is — what is not.**

3. A qualified general denial which denies "each and every allegation, matter, and thing, and each and every part and portion thereof, in said plaintiff's complaint contained, except as hereinbefore admitted or explained," does not place in issue those allegations of the complaint which are admitted in other paragraphs of the answer.

Opinion filed September 14, 1915.

From an order of the District Court of Barnes County; *Coffey, J.,* plaintiff appeals.

Reversed.

*A. W. Fowler,* for appellant.

A "good and merchantable title" in respondent is not shown or satisfied by showing the legal title in someone, and an equitable estate in respondent. Such does not satisfy or fulfil his executory contract. It is an independent covenant on the part of respondent, and a condition precedent. Martin v. Roberts, 127 Iowa, 218, 102 N. W. 1126; Blied v. Barnard, 120 Minn. 399, 139 N. W. 714; Gates v. Parmly, 93 Wis. 294, 66 N. W. 253, 67 S. W. 739; Brown v. Widen, — Iowa, —, 103 N. W. 158; 39 Cyc. 1516, note 48.

The contract further required the respondent to furnish, within a fixed time, an abstract showing upon its face a good and merchantable title in himself, and, upon his default to do so, appellant was entitled to rescind the contract and recover back his purchase money. Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; Brown v. Widen, — Iowa, —, 103 N. W. 158; Grow v. Taylor, 23 N. D. 475, 137 N. W. 451.

These matters are material, and must disclose the condition of the title when the contract was made, and that such title then met the covenants of the contract. George v. Conhaim, 38 Minn. 338, 37 N. W. 791; Taylor v. Williams, 2 Colo. App. 559, 31 Pac. 504; Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Smith v. Taylor, 82 Cal. 553, 23 Pac. 217; Howe v. Hutchison, 105 Ill. 501; Kane v. Rippey, 22 Or. 296, 23 Pac. 180; Lessenich v. Sellers, 119 Iowa, 314, 93 N. W. 348.

Where the contract requires an abstract of a stipulated character, until such is furnished the contract has not been performed. Boas v. Farrington, 85 Cal. 535, 24 Pac. 787; Martin v. Roberts, 127 Iowa, 218, 102 N. W. 1126; Spooner v. Cross, 127 Iowa, 259, 102 N. W. 1118; Noyes v. Johnson, 139 Mass. 436, 31 N. E. 767; Bruce v. Wolfe, 102 Mo. App. 384, 76 S. W. 723; Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527; Williams v. Daly, 33 Ill. App. 454; Carrabine v. Cox, 136 Mo. App. 370, 117 S. W. 616.

The vendor must show a title good in himself—not in a third person. McVeety v. Marvey Mercantile Co. 24 N. D. 245, 139 N. W. 586, Ann. Cas. 1915B, 1028; McCulloch v. Bauer, 24 N. D. 109, 139 N. W. 318.

The abstract, to comply with such contract, must show "good and merchantable" title in the vendor at the time that he is the owner of both the legal and equitable title. Ormsby v. Graham, 123 Iowa, 202, 98 N. W. 724; Reynolds v. Borel, 86 Cal. 538, 25 Pac. 67; Ankeny v. Clark, 1 Wash. 549, 20 Pac. 583, 148 U. S. 345, 37 L. ed. 475, 13 Sup. Ct. Rep. 617; Maupin, Marketable Title to Real Estate, p. 731 and cases; Murray v. Ellis, 112 Pa. 485, 3 Atl. 845; Adams v. Reed, 11 Utah, 480, 40 Pac. 723; 39 Cyc. 1465, and cases cited.

*Lee Combs* and *L. S. B. Ritchie,* for respondent.

The abstract provision in the contract was not an independent cove-

nant; this provision and that as to the delivery of the deed are to be held as concurrent, and must be taken together. The furnishing of the abstract was not a condition precedent. Kessler v. Pruitt, 14 Idaho, 175, 93 Pac. 965; Plummer v. Kennington, 149 Iowa, 419, 128 N. W. 552.

"Where the covenants in a written contract for the sale of real estate are mutual and dependent, the vendor's obligation to convey being dependent upon a cash payment and the execution of notes and a mortgage by the vendee, the vendee can place the vendor in default only by tendering performance on his part; and, in the absence of such tender, he is not entitled to rescind the contract and recover back payments made when the contract was executed. Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623.

One who is required to furnish an abstract in connection with the sale of real estate, showing good title, sufficiently complies with such promise if he furnishes such abstract with other papers, showing his right and power to convey the land as promised and at the time stipulated in the contract. Such right and power need not be wholly disclosed by the abstract itself. Welch v. Dutton, 79 Ill. 465; Laub v. DeVault, 139 Ill. App. 398; Prichard v. Mulhall, 140 Iowa, 1, 118 N. W. 43.

The contract here provides for mutual acts of the parties. The delivery of the deed was the delivery of the abstract, and the delivery of possession was to follow the cash payment. They were dependent, one upon the other. Gail v. Gail, 127 App. Div. 892, 112 N. Y. Supp. 96; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 120.

If the agreement is made by the vendor in good faith, even though he be not the absolute owner of the land, but has at the time such an interest therein or is so situated that he can carry into effect the agreement on his part at the time when he has agreed to do so, it will be upheld. Chitty, Contr. 11th, Am. ed. 431; Dresel v. Jordan, 104 Mass. 407; Townshend v. Goodfellow, 40 Minn. 312, 3 L.R.A. 739, 12 Am. St. Rep. 736, 41 N. W. 1056; Smith v. Gansler, 83 Ky. 371; Gaither v. O'Doherty, 11 Ky. L. Rep. 594, 12 S. W. 306; Tapp v. Nock, 89 Ky. 414, 12 S. W. 713; Tiernan v. Roland, 15 Pa. 429; Silfver v. Daenzer, 167 Mich. 362, 133 N. W. 16; Golden Valley Land & Cattle Co. v. Johnstone, 25 N. D. 148, 141 N. W. 76; Martinson v. Regan, 18 N. D. 467, 123 N. W. 285.

"Where an answer contains specific or general denials of the material allegations of the complaint, it is not subject to a general demurrer. This is true even though the answer contains other defenses which are demurrable. Redwater Land & Canal Co. v. Reed, 26 S. D. 466, 128 N. W. 702.

"Where the facts alleged in the complaint or answer entitle the party pleading to any relief whatever, although only nominal, a demurrer directed to the entire pleading, on the ground that it does not state a cause of action or defense, should be overruled. Acme Harvesting Mach. Co. v. Guy, 27 S. D. 441, 131 N. W. 508, and cases cited; Smith v. Jaccard, 20 Cal. App. 280, 128 Pac. 1023; Sweet v. Salt Lake City, 43 Utah, 306, 134 Pac. 1167, 8 N. C. C. A. 922; 31 Cyc. 329, and cases there cited; Stoddard v. Treadwell, 26 Cal. 294; McCann v. Pennie, 100 Cal. 547, 35 Pac. 158; Collier v. Ervin, 2 Mont. 335; Burgi v. Rudgers, 20 S. D. 646, 108 N. W. 253; Williams v. Black, 24 S. D. 501, 124 N. W. 728; Redwater Land & Canal Co. v. Reed, 26 S. D. 466, 128 N. W. 702; Van Tuyl v. Robin, 80 Misc. 360, 142 N. Y. Supp. 535; Bergstrom v. Commercial Advertiser Asso. 147 App. Div. 774, 131 N. Y. Supp. 1025.

CHRISTIANSON, J. Plaintiff brought this action to recover $1,000, the amount of the first payment made under a contract for the purchase of certain real estate. The contract is as follows:

This agreement made in duplicate this 8th day of October, A. D. 1912, between A. E. Dennstadt, party of the first part, and Thomas E. Kennedy, party of the second part:

Witnesseth, That in consideration of the stipulation herein contained and payments to be made as hereinafter specified, the first party hereby agrees to sell unto the second party the following described real estate, situate in the county of Barnes and state of North Dakota, to wit:

North half (N. ½) and the southwest quarter (S. W. ¼) of the northwest quarter (N. W. ¼) and the north half (N. ½) of the N. E. ¼, all in section 34, township 142, range 61, west of the 5th principal meridian and containing 200 acres, more or less, according to the government survey thereof for the sum of $11,400.

And the second party hereby agrees to purchase all right, title, and

interest in said described real estate, and pay the said amount, $11,400, to said party, his heirs, assigns, or representatives, as follows:

One thousand dollars upon execution of this instrument, and the balance of $10,400 in the following payments, to wit:

$3,000 payable on the 1st day of March, 1913.

$1,000 payable on the 1st day of March, 1914.

$1,000 payable on the 1st day of March, 1915.

$1,000 payable on the 1st day of March, 1916.

$1,000 payable on the 1st day of March, 1917.

$1,000 payable on the 1st day of March, 1918.

$1,000 payable on the 1st day of March, 1919.

$1,400 payable on the 1st day of March, 1920.

Party of the second part to assume a mortgage of $......

Party of the second part to assume a mortgage of $......

All deferred payments to bear interest at 6 per cent per annum from October 8, 1912.

Provided said first party furnishes said second party with an abstract of title to the above-described real estate, showing a good and merchantable title, within ninety days from the date hereof, and execute and deliver unto said second party a good and sufficient warranty deed to said land, with waiver and conveyance of homestead therein on or before the 1st day of March, 1915.

But in case said second party fails in his payments as above stipulated, then the first party shall have the right to declare this contract null and void, and title to said real estate shall revert to said first party, and second party shall forfeit all money paid on this contract.

Excepting default caused by remediless flaw to the title, first party agrees that, upon failure to furnish said warranty deed to said second party, as above stipulated, that he will pay unto said second party the sum of $100 as "liquidated damages," together with all money paid on this contract, with interest at 6 per cent on same from date hereof.

It is further agreed that possession to the above-cherished real estate shall be given to said second party on the first day of March, 1913, providing said payments are made as above stipulated.

Taxes for the year 1912 to be paid by the party of the first part.

Taxes for the year 1913 to be paid by the party of the second part.

In witness whereof said parties hereto set their hands the day and year first above written.

Witnesses:

C. C. Beers, A. E. Dennstedt, C. A. Dennstedt, Thos. E. Kennedy.

The complaint sets forth the contract, and alleges that, upon the execution of the contract, the plaintiff paid to the defendant the sum of $1,000 as part of the purchase price of said land, and also executed and delivered to the defendant promissory notes for the various deferred payments mentioned in the contract. That on or about February 13, 1913, the defendant transmitted an abstract of title to said real estate to the plaintiff, which abstract failed to show a good and merchantable title in the defendant to the land in question or any part of it; but did show that the defendant had no title thereto other than a contract for the purchase thereof from one Henry Etter, by the terms of which the defendant had agreed to pay to said Etter, instalments and payments at different times until the year 1937. That on or about February 27, 1913, plaintiff submitted said abstract to his attorneys for examination, and, upon being advised by them that the abstract showed that the defendant did not have a good and merchantable title, the said plaintiff's attorneys, at his direction, notified the defendant that the defendant had failed to furnish an abstract until long after the ninety days mentioned in the contract had expired; that the abstract furnished showed that the defendant had no title to the premises except a mere contract of purchase, under the terms of which he was required to make payments until the year 1937, with no provision whereby it might be sooner paid off; and that for these reasons the plaintiff would not take the land, and demanded a return of the money paid on the contract. That since February 27, 1913, the defendant has wholly failed and refused to perfect in himself a good and merchantable title to the premises, and has wholly failed and refused to furnish or exhibit to plaintiff any abstract of title whatever thereto except the abstract heretofore mentioned. That in the month of April or the first part of May, 1913, the defendant served and caused to be served upon the plaintiff a pretended notice of cancelation of the land contract, whereby such contract is declared to be canceled for default in the terms thereof on account of nonpayment of the sum of $3,000,

with interest, said payment being due under the terms of the contract on March 1, 1913; and the notice of cancelation further provides "that the said contract will be terminated and canceled and all rights thereunder forever foreclosed  .  .  .  in case redemption of said default shall not have been made  .  .  .  by payment of all past-due principal and interest, together with legal costs and expenses incurred" on or before 10 o'clock on March 1, 1913.

The answer admits the execution of the contract and the payment by plaintiff to defendant of $1,000 as part purchase price, and the execution and delivery by plaintiff of the notes as alleged in the complaint. The answer further admits the service of notice of cancelation of the contract. The answer further alleges that at the time defendant entered into said contract with the plaintiff, the defendant had an agreement with one Henry Etter, the owner of said real estate, for the purchase thereof; and that thereafter and on the 14th day of November, 1912, said Etter executed and delivered to defendant a written contract for deed, covering said tract of land, wherein said Etter agreed to transfer and sell said land to the defendant, or to anybody he might designate as grantee according to the terms of said contract, and that as a part of said contract the said Etter agreed that the defendant might pay as much of the principal as he might desire to pay in addition to the required payment stipulated in the contract, at any time, so that the defendant was in a position to transfer said real estate to the plaintiff at any time that plaintiff complied with the stipulations and covenants concerning the payment of the purchase price of said lands. That said contract for deed is the same contract which is referred to in plaintiff's complaint. And that said contract was recorded in the office of the register of deeds of Barnes county on February 8, 1913, and that citations of the book and page where the same was recorded were mentioned and set forth in said abstract, and that said contract was therefore open to the inspection of the plaintiff, or his attorney, from the date of the recording thereof. "That by the terms of said contract, the defendant did not covenant or agree to furnish an abstract showing merchantable title in himself, but only agreed to furnish an abstract showing that the land involved was held by a merchantable title." That at the time defendant received the letter from plaintiff's attorney set forth in the complaint regarding the failure to

furnish abstract, and demanding a return of the $1,000, the defendant wrote a letter to plaintiff's attorneys, advising them of the fact that defendant was ready, willing, and able to deed said premises according to the terms of his contract with plaintiff, by reason of the terms of the contract held by defendant for the purchase of said tract of land from Etter, and that receipt of such letter was acknowledged. That plaintiff failed to make any further payments on the contract. That plaintiff has been to considerable expense in and about the transaction involved in this action, and that if plaintiff is excused and released from fulfilling the contract, and awarded a return of the $1,000 set forth in the complaint, the defendant will suffer irreparable loss in the sum of $1,000. That defendant caused notice of cancelation of the contract referred to in plaintiff's complaint to be served for the purpose of protecting himself against loss or damage on account of plaintiff's failure to perform his contract for the purchase of said real estate, and for no other reason. The last paragraph in the answer is as follows: "Further answering, this defendant specifically and emphatically denies each and every allegation, matter, and thing, and each and every part and portion thereof in said plaintiff's complaint contained except as hereinbefore admitted or explained."

The plaintiff interposed a demurrer to the answer on the ground that it did not state facts sufficient to constitute a defense. The trial court entered an order overruling the demurrer, and this appeal is from such order.

The whole controversy in this case turns upon the construction and effect to be given to the clause in the contract providing that defendant shall furnish an abstract of title showing a good and merchantable title within ninety days from the date of the contract. Plaintiff claims that this clause obviously was intended for his benefit, and is an independent covenant on the part of the defendant and a condition precedent to his right to demand any further payments under the contract or retain the payment already made. The respondent, however, contends that this clause is not an independent covenant or a condition precedent, but that the same is mutual and concurrent with the other stipulations in the contract relative to the delivery of the deed, and the payment of $3,000 on the purchase price on March 1, 1913, and the delivery of possession of the premises upon such payment.

Respondent's next contention is that the clause in question did not require him to furnish an abstract showing a good and merchantable title in himself; but all that he was required to do was to furnish an abstract showing "that the land in question was held by a good and merchantable title." And that this stipulation was fully complied with when he furnished an abstract showing such title in Henry Etter, which abstract also contained notations showing the book and page where the contract for the purchase of said premises from Etter to defendant was recorded. Defendant also contends that the last paragraph in his answer constitutes a general denial of all the allegations of plaintiff's complaint, and that such general denial constitutes a good defense, and that, therefore, the demurrer was properly overruled even though the rest of the answer was insufficient to raise any issue.

Courts do not make contracts for the parties, but merely construe them. The rules applicable to the construction of contracts were fully discussed by this court in the case of Harney v. Wirtz, 30 N. D. 292, 152 N. W. 803. As stated in that case: "The first and main rule for the construction of contracts is that the intent of the parties as expressed in the words they have used must govern." And, "if the words clearly show the intention, there is no need for applying any technical rules of construction; for where there is no doubt there is no room for construction." This rule applies with equal force to contracts for the purchase and sale of land as to other contracts. 39 Cyc. 1306. And in determining whether covenants in such contracts are dependent or independent, and whether conditions therein are precedent or concurrent, the intention of the parties is the paramount and controlling consideration. 39 Cyc. 1306; 6 R. C. L. § 248.

Among the various rules of construction to be applied in arriving at the intent of the parties, the order of time in which it appears that the covenants are to be performed is an important consideration. Ibid.

"A condition precedent is one which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed. Comp. Laws, § 5771.

"Conditions concurrent are those which are mutually dependent and are to be performed at the same time." Comp. Laws, § 5772.

One of the statutory rules for the construction of contracts in this state is that the whole of the contract must be taken togeher so as to

give effect to every part if reasonably practicable.  Comp. Laws, § 5901. It is therefore essential that the entire contract be considered in order to ascertain the intent of the parties with reference to the clause in question.

Under the terms of the contract, the plaintiff was required to pay down $1,000 at its execution,—which it is conceded that he did.  The next and largest payment stipulated for in the contract was the sum of $3,000, to be paid on March 1, 1913.  The plaintiff was not entitled to demand a deed until March 1, 1915, and before this time he would be required to make payments aggregating in all $6,000 and interest.  But the contract does provide that within ninety days from its date, or on or before January 6, 1913, the defendant was to furnish to the plaintiff an abstract of title showing a good and merchantable title to the premises.  This abstract, it will be observed, was to be furnished almost two months before plaintiff was required to make the next payment on the contract.  So far as the plaintiff was concerned, nothing further was required to be done by him until this abstract was furnished.  It seems clear that this condition or stipulation in the contract is not in any sense dependent upon, or concurrent with, any other clause or stipulation, as the time within which the abstract was to be furnished is entirely different from that fixed for the performance of any other act under the contract.  The respondent alone was required to act.  The clause could not be intended for the benefit of the defendant; but obviously it must have been intended solely for the benefit of the plaintiff.  Plaintiff had already paid $1,000, without any evidence of defendant's title to the premises; but before making the next payment (the largest provided for in the contract) he was to receive an abstract "showing good and merchantable title."  Thereupon, on making the next payment, plaintiff was to receive possession.  Such possession, of course, would have constituted notice to the world of plaintiff's interests and estates in the premises; and if defendant held the premises by a good and merchantable title, plaintiff in possession under his contract of purchase could have continued to make payments under the contract with a sense of security and safety.

Under the terms of the written contract it is provided "that in consideration of the stipulation herein contained and the payments to be made as hereinafter specified, the first party hereby agrees to sell unto

the second party the following described real estate. . . . And the second party thereby agrees to purchase all right, title, and interest in said described real estate, and pay the said amount, $$11,400, to said first party his heirs, assigns, or representatives as follows: $1,000 upon execution of this instrument . . . , $3,000 payable on the first day of March, 1913, . . . provided said first party furnishes said second party with an abstract of title to the above described real estate showing a good and merchantable title within ninety days from the date hereof."

It seems quite clear to us that the furnishing of the abstract was a condition precedent. It was not to be performed at the same time that any other act was to be performed. The defendant agreed to perform this within a stipulated time, which was so fixed as to give plaintiff adequate opportunity to examine and investigate the title before the next payment came due. Did this happen as a matter of chance, or did the parties have some purpose in view? This court cannot presume that parties enter into written contracts regarding a matter of this importance, and use language idly or without purpose. The clause providing for the delivery of an abstract is made co-ordinate with the clause providing for the delivery of a deed at a subsequent date. The defendant himself recognized the duty incumbent upon him to furnish an abstract complying with the terms of the contract. The parties by their own construction of the contract have recognized the clause relative to furnishing an abstract as being a condition precedent, rather than a condition concurrent and mutual with the payment of the $3,000 on March 1, 1913, and the delivery of possession following such payment.

"If the contract of sale is fairly susceptible of two or more different meanings, that meaning which has been put upon the contract by the practicable construction thereof by the parties in their conduct under such contract will be adopted by the court as the true meaning thereof." 39 Cyc. 1297.

We are satisfied that the stipulation relative to the furnishing of the abstract was a condition precedent, and that defendant must comply therewith before he can require plaintiff to perform any act under the contract. Comp. Laws, § 5774; Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, L.R.A.—, —, 152 N. W. 359.

Respondent contends, however, that the abstract furnished complied

with the terms of the contract, and showed a good and merchantable title in Henry Etter. The respondent relies upon and seeks to invoke the rule announced by this court in Martinson v. Regan, 18 N. D. 467, 123 N. W. 285, and reiterated in Golden Valley Land & Cattle Co. v. Johnstone, 25 N. D. 148, 141 N. W. 76, wherein this court said: "That as a general rule when a contract is entered into in good faith, the vendor having an estate or interest in the lands [contracted to be conveyed in the future], it is not necessary that he be actually in a situation to perform at the time the contract is made; that the most that is required of him is that he be able to perform when the vendee has a right to call upon him for performance."

We have no desire to depart from the doctrine laid down in these cases, when applied to a proper state of facts. But we are fully in accord with the principles of law laid down in these cases. In the Johnstone Case this court said: "Courts do not make contracts for parties. Had defendants desired a perfect title before transferring their property or making payments, they should have contracted with reference to the title, at the date of contract, rather than for a conveyance to be based alone on the title of plaintiff at a future date."

In the case at bar, plaintiff agreed to purchase the land, and make certain stipulated payments upon certain conditions, one of which was that within ninety days from the date of the contract, defendant was to furnish an abstract showing a good, merchantable title. As stated in the Johnstone Case, the contract might have provided that plaintiff should be the holder of title on the date of the contract, or, if they desired, the parties might contract that he should be the holder of such title at some future date. In the case at bar, the contract in unmistakable terms provided that defendant must within ninety days from the date of the contract furnish to the plaintiff an abstract of title showing a good, merchantable title. The Johnstone Case recognized the rights of parties to make lawful contracts and the duty of the courts to construe and enforce such contracts in accordance with the manifest intent of the parties as expressed therein. The principle enunciated in the Johnstone Case is directly contrary to the rule contended for by respondent in this case.

Under the terms of the clause of the contract involved in this controversy, defendant was required to furnish plaintiff with an abstract

31 N. D.—28.

of title to the realty, showing a good and merchantable title, within ninety days from the date of the contract. Did the abstract furnished by defendant comply with the terms of this agreement? We think not. The only purpose of the abstract was to furnish to plaintiff evidence of defendant's title to the lands,—the title which defendant himself, under the specific terms of the contract, at a subsequent date was to convey to the plaintiff by warranty deed. Plaintiff was to receive his title from the defendant. His only interest was in defendant's title to the property. It seems quite clear to us that the intention of the parties as expressed in the words which they used was to the effect that plaintiff should be furnished with an abstract showing that his vendor, *i. e.,* the defendant, had a good and merchantable title to the property. Hence, it is not a question whether defendant actually had, or eventually would be able to procure and perfect in himself, a good and merchantable title, but whether the abstract furnished to the plaintiff showed such title. Grow v. Taylor, 23 N. D. 469, 475, 137 N. W. 451.

A good and merchantable title means a title in fee simple, free from litigation, palpable defects, and grave doubts; that is, a title which will enable the purchaser not only to hold the land in peace, but will enable him, whenever he may desire to do so, to sell or mortgage the land to a person of reasonable prudence and caution. Reynolds v. Borel, 86 Cal. 538, 25 Pac. 67, 69; Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 157, 111 N. W. 981. See also 4 Words & Phrases (1st series); 2 Words & Phrases (2d series); Bouvier's Law Dict.; Eaton v. Blackburn, 49 Or. 22, 88 Pac. 303, 304; and Bruegger v. Cartier, 29 N. D. 575, 151 N. W. 34.

The abstract furnished by the plaintiff did not show a good and merchantable title in the defendant, and hence defendant failed to comply with the stipulation in the contract requiring him to furnish an abstract showing such title. Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; Boas v. Farrington, 85 Cal. 535, 24 Pac. 787; Drury v. Mickelberry, 144 Mo. App. 212, 129 S. W. 237; Brown v. Widen, — Iowa, —, 103 N. W. 158; Davis v. Fant, — Tex. Civ. App. —, 93 S. W. 193; Martin v. Roberts, 127 Iowa, 218, 102 N. W. 1126; Gates v. Parmly, 93 Wis. 294, 66 N. W. 253, 67 N. W. 739. Defendant made no attempt to furnish any additional abstract, but stood by the abstract furnished, and served notice of cancelation on

plaintiff's failure to make the second payment provided for in the contract. And in his answer, defendant asserts that the abstract which he furnished was sufficient in this, that it did show that the premises were held by a good and merchantable title by Etter. Both parties have elected to declare or treat the contract as abandoned or rescinded,—the defendant by formal written notice of cancelation, and the plaintiff by demanding a return of the purchase money paid, followed by this action for the recovery of such moneys.

Respondent contends, however, that the answer contains two distinct and separate defenses,—"one of which is a general denial of all allegations of plaintiff's complaint,"—and that therefore the demurrer was properly overruled. It is true, defendant had the right to set up all his defenses, even though they might be inconsistent. But the scope or effect of each defense must necessarily depend upon the language in which it is presented. The clause in defendant's answer relied on falls far short of being a general denial. It expressly denies only those allegations of the complaint which had not been "admitted or explained" in former paragraphs of the answer.

This allegation must be taken for what it says, and certainly cannot overcome the positive and unequivocal admissions contained in other paragraphs of the answer. To construe this paragraph as a general denial would be contrary to its express language. It seems too clear for argument that such denial must be construed so as to do what it purports to do, namely, place in issue those portions of the complaint, and those only, which are not admitted by the admissions or explanations contained in other portions of the answer. Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; McLaughlin v. Alexander, 2 S. D. 226, 49 N. W. 99; Mattoon v. Fremont, E. & M. Valley R. Co. 6 S. D. 301, 60 N. W. 69; Coffin v. Smith, 26 S. D. 536, 128 N. W. 805.

The order appealed from must be reversed. It is so ordered.