## THE UNION COAL MINING CO. v. MCADAM ET UX.

1. **Equity**: SPECIFIC PERFORMANCE. Where false representations are not established, the fact that the party seeking to enforce a contract has the advantage in the transaction, will not defeat its enforcement in equity.

2. ———: ———: DOWER INTEREST. If a contract to convey is specifically enforced, the wife of the obligor not being a party thereto, and the consideration has been paid by the obligee, he is entitled to a judgment for a sum proportionate to the utmost possible value of the dower interest.

*Appeal from Wapello District Court.*

FRIDAY, JUNE 19.

ACTION in Chancery to enforce the specific performance of a contract to convey certain land. There was a decree granting the relief prayed for in plaintiff's petition. Defendants appeal. The facts of the case, so far as they are involved in points of law ruled by the court, appear in the opinion.

No appearance for appellants.

*William McNett,* for appellee.

BECK, J.—The petition charges that, in 1869, defendant James McAdam, entered into a written contract to convey to plaintiff a certain small tract of land situate adjacent to the Burlington & Missouri River Railroad, and a right of way over certain lands for a tram road to a coal mine. The land, as well as the right of way, was for the use of plaintiff in the prosecution of its business of mining coal. In payment for the property, plaintiff was to issue to defendant its stock to the amount of $1,000. Plaintiff, in performance of its obligation, issued to defendant the stock and has been in possession of the land and right of way under the contract. The contract provides that in case defendant, after the expiration of two years, should desire to dispose of the stock, plaintiff is to pay him $1,000 therefor. The petition alleged that defendants refuse to execute the conveyance provided for by the contract. The

wife of defendant, who is made a party, did not join in the execution of the contract.

The answer of defendant admits the execution of the con-contract, but avers that it was procured by misrepresentation and fraud on the part of plaintiff's agents, whereby defendant, James McAdam, was deceived and induced to sign the same, and that the value of the property is greatly above the price agreed to be paid, so much so as to render the contract unconscionable. The answer does not deny the receipt of the stock, its value, nor show that plaintiff has, in any way, failed to comply with its contract.

I. We have not had the benefit of an argument on the part of defendant, but have with care examined the evidence before us, and arrive at the conclusion that the allega-tions of the petition are supported by the proof. There is nothing before us to authorize the conclusion that such advantages were taken of defendant, or such false representations were made to him, inducing him to execute the contract, which, in equity, will defeat its performance. Plaintiff may have the advantage somewhat in the transaction, so far as the values of the property and of the stock are concerned, but there is no ground to hold that this advantage, or the execution of the contract, was obtained by such unfair means as will defeat the enforcement of the contract in equity. It is quite unnecessary to enter into a discussion of the evidence, which would require more time and space than the real merits of the case demand.

*1. EQUITY: specific performance.*

Many questions in regard to the admission and exclusion of evidence, are made and argued by counsel for plaintiff. They need not be further noticed, as the exclusion of all the evidence, to which objections are made, would not change our conclusion.

II. The petition asks that the decree enforcing the conveyance of the property, may so provide that plaintiff's rights and interests may be duly protected in case defendant fails to procure the relinquishment of his wife's dower interest. In response to this prayer for relief, the court below provided in the decree that defendant

*2. ——: ——: dower interest.*

pay plaintiff the sum of $100, as the value of the wife's dower interest, and judgment was entered for that sum against defendant. The decree, however, provides that if defendant procure the relinquishment of dower the judgment shall be satisfied without payment. To this part of the decree plaintiff objects, and insists that the sum allowed it should have been one-third of the value of the property, $333. In support of this claim, counsel cite *Leach v. Forney*, 21 Iowa, 271, and *Presser v. Hildebrand*, 23 Iowa, 483. In the first of these decisions it is held, in a similar case for the enforcement of a contract to convey, that the plaintiff should be permitted to retain so much of the purchase money as shall be proportionate to the utmost possible value of the dower interest. Under this rule, one-third of the purchase money was left by the decree in the hands of the purchaser to be retained without interest until the dower right should be barred. The doctrine is re-affirmed in the other case cited, and we have no disposition to abandon or modify it now. In applying it in the first case one-third of the purchase money was permitted to be retained by the purchaser without interest until the dower right was extinguished. In that case the consideration for the land had not been paid—in this it has, and the amount of $100 is awarded to plaintiff absolutely, unless before its collection the dower right be barred. We think, under the facts of the case, considering the age of the wife and other matters, the decree of the court below is a fair application of the rule, and that the amount awarded is proportionate to the utmost possible value of the dower interest.

The decree of the District Court is

AFFIRMED.