## HALLOCK v. HUGHES.

## GLADSTONE v. HUGHES.

1. **Trespass**: DAMAGES BY STOCK. The statute (Chap. 26, Laws of 1870), rendering the owner of stock trespassing upon the improved land of another liable for all damages sustained thereby, is in force without submission to the vote of the county; and such liability attaches without inquiry whether the land trespassed upon is fenced or not. Following *Little v. McGuire*, 38 Iowa, 563.

### *Appeal from Muscatine Circuit Court.*

### FRIDAY, MARCH 24.

Two actions in replevin to obtain possession of cattle belonging to the plaintiffs respectively. The answers admit the ownership of the cattle as alleged, but aver that they were trespassing on the inclosed land of one Carpenter; that they were taken up by said Carpenter and placed in the defendant's care; that Carpenter caused the damage done by said cattle to be appraised by the board of trustees, of all which the plaintiff had notice and was present; that said Carpenter distrained said cattle for the damages and costs and placed the same in the custody of the defendant until the damages and costs should be paid.

The defendant asked the court to instruct the jury as follows: "That the owner of trespassing stock is liable for damages without inquiring as to whether the premises trespassed upon are inclosed with a lawful fence or not." This instruction the court refused, and instructed the jury in substance that if they shall find from the evidence that the said

fence surrounding the close and over or through which the cattle escaped in going upon said Carpenter's premises was not a lawful fence, or one that it was the duty of the plaintiffs to keep up as a lawful fence, then the plaintiffs would be entitled to recover. To the giving of the latter instruction, and the refusal to instruct as asked, the defendant excepted. Judgment for the plaintiffs. Defendant appeals.

*Hanna & Fitzgerald*, for appellant.

*K. O. Holmes* and *J. L. Brooke*, for appellees.

ADAMS, J.—By Chap. 26 of the statutes of 1870 it is provided that: "The owner of any stock trespassing upon the improved lands of another shall pay to the owner of the land so damaged the actual amount of the damages so sustained. The person who is in possession of the land so trespassed upon may distrain any trespassing stock and retain the same in some safe place at the expense of the owner thereof until said damages are paid." In *Little v. McGuire*, 38 Iowa, 563, it was held that the said statute was in force without submission to vote in a county. It was also held in the same case that the statute makes the owner of stock liable for damages committed without inquiry as to whether the premises trespassed upon are inclosed with fences or not. The instruction, therefore, given by the Circuit Court was erroneous.

REVERSED.