SOL ZUNDELOWITZ, Appellant, v. E. T. WEBSTER AND JULIA WEBSTER, his Wife, W. E. Fox, Intervener.

**Specific performance** of a parol agreement to sell land made by the husband alone will not be enforced against a subsequent *bona fide* purchaser from husband and wife, who paid part of the consideration before and part after notice of contract, when it is probable that the contract was conditioned upon the wife's signing the deed and where the small amount paid upon the contract was tendered back.

**Practice.** Insufficiency of a pleading is waived by failure to demur.

*Appeal from Chickasaw District Court.*—HON. L. E. FELLOWS, Judge.

WEDNESDAY, JANUARY 22, 1896.

Action in equity for a specific performance of a contract to convey certain real estate. Decree for intervener. Plaintiff appeals.—*Affirmed.*

*J. R. Bane* for appellant.

*Springer & Clary* for intervener.

*P. S. Webster* for defendants Webster.

Kinne, J.—I. Plaintiff claims that on May 7, 1894, he and defendant E. T. Webster entered into a parol agreement by the terms of which he purchased from Webster a part of a lot in New Hampton, Iowa, for the agreed price of nine hundred and thirty-five dollars, ten dollars of which was then paid, and the balance was to be paid on May 8, 1894, on the delivery of the deed; that of the entire consideration thus to be paid, plaintiff was to pay a mortgage of six hundred dollars, which was on the property and the balance in cash; that on May 8, 1894, he offered to pay Webster

the balance of the purchase money, but the latter refused to accept the money or to execute the deed. Plaintiff avers a readiness to fully perform on his part. He asks for a decree against Webster and his wife requiring a conveyance of the property. Fox intervened, and alleged that, prior to the commencement of this action, and on May 8, 1894, he for a valuable consideration purchased the premises and received a warranty deed therefor from Webster and wife; that the title was then in Webster, who was also in possession of the premises. He prays that he be adjudged the owner of said premises. Plaintiff, for answer to Fox's petition of intervention, denies all of its allegations except that Webster owned the premises before May 7, 1894; says that the sale and deed were not made or given until May 22, 1894, that the sale was not a *bona fide* one, and that when the deed was delivered this suit was pending, of which Fox had notice. Defendants Webster answer plaintiff's petition, admitting that E. T. Webster made a conditional sale of the premises and that he received thereon ten dollars. Aver that defendant Julia A. Webster was not a party to the sale nor to the contract, nor did she ever consent to the same; that no deed was to be delivered to the premises until the purchase price was fully paid, and that the same has not been paid or tendered; that, prior to the beginning of this action, E. T. Webster tendered back to plaintiff the ten dollars he had paid, which plaintiff refused to accept. Deny all allegations of the petition not expressly admitted, and pray that plaintiff's bill be dismissed. At the conclusion of the trial the court entered a decree in favor of intervener and dismissed plaintiff's bill.

II. Much time is spent in argument by the plaintiff in support of his contention that certain evidence introduced by the intervener should not be con-

sidered, because, as he contends, intervener's petition did not present a cause of action, in that it failed to allege that his purchase was made in good faith and without notice. Intervener also claims that plaintiff, in his answer to the petition of intervention, has not shown himself entitled to any relief, in that he alleges no rights in the premises. The plaintiff, in his answer to the petition of intervention, put in issue the question of notice and good faith. Besides, if the petition of intervention presented no cause of action it should have been attacked by demurrer, and if the answer thereto failed to set up a good defense, intervener should have demurred thereto. Both parties having failed to test the sufficiency of the pleadings now objected to, by demurrer, they have waived objections which, at the proper time and in the proper manner, might have been urged thereto. Code, section 2650; *Benjamin v. Vieth*, 80 Iowa, 149 (45 N. W. Rep. 731); *Knapp & Spalding Co. v. Barnard*, 78 Iowa, 347 (43 N. W. Rep. 197); *Lynn v. Morse*, 76 Iowa, 665 (39 N. W. Rep. 203).

III. The real question is as to whether such a case has been made by the plaintiff as would justify a decree for specific performance. The plaintiff asks such a decree as against both Webster and his wife. It appears without conflict that Webster's wife was not a party to the contract made by her husband, and that she refused to execute a deed to the plaintiff for the property. Not having been a party to the claimed agreement with the plaintiff, she was not bound thereby, and plaintiff is not entitled to a decree, in any event, against her. He might, however, under such circumstances, prosecute his action in equity for a performance by the husband to the extent of his liability, or he might refuse to accept such a partial performance, and prosecute his action at law for damages for a breach of contract. He has chosen the former

course, and insists that he has made a case entitling him to a decree against the husband. Now, no rule of law is better settled than "that the specific execution of a contract, in equity, is not a matter of absolute right, but it is a remedy the right to which rests alone in the sound discretion of the chancellor,—a discretion controlled by established principles of equity in view of all the facts and circumstances attending the case presented." *University v. Trust Co.*, 87 Iowa, 51 (53 N. W. Rep. 1080); 3 Pomeroy Eq. Jur. section 1404; 1 Story Eq. Jur. section 742; *Grimes v. Hamilton County*, 37 Iowa, 290; *Palo Alto County v. Harrison*, 68 Iowa, 81-90 (26 N. W. Rep. 16); *Clark v. Maurer*, 77 Iowa, 717, 720 (42 N. W. Rep. 522); *Thurston v. Arnold*, 43 Iowa, 43. In the last case it is said: "If, in the judgment of a court of equity, good faith and justice between the parties will be attained by enforcing the contract, the failure to perform, or a readiness to perform, at the precise time fixed will not prevent its enforcement." Specific performance will not be decreed when it would not be equitable (*Smith v. Shepherd*, 36 Iowa, 254); and the party will often be remitted to his legal remedy (*Auter v. Miller*, 18 Iowa, 412). Bearing these principles in mind, we may look to the facts as disclosed in this record. Plaintiff and Webster do not agree as to the conditions of the contract of sale. The latter insists that the arrangement was that he was to sell the property to plaintiff for nine hundred and fifty dollars providing it was satisfactory to his (Webster's) wife, and she would sign the deed. Plaintiff swears that there was no such condition, and he is supported to some extent by his clerk, who heard some of the conversation between plaintiff and Webster. Webster's testimony is to the effect that about May 1, 1894, plaintiff had offered him one thousand dollars for the property, and this is not denied. It appears, also, that information of this offer was conveyed to the wife, and

that afterwards, when she was advised that plaintiff would only give nine hundred and fifty dollars she refused to sign the deed. Now, on the morning after plaintiff claims to have purchased the property, Fox, the intervener, purchased it for one thousand dollars. It appears that he has paid the entire purchase price. It is certain that a portion of it was paid long before he had any notice that plaintiff claimed to have purchased the place, and it does not appear with certainty when the balance was paid. We think it is clear that, at the time intervener purchased the place, he had no notice of plaintiff's purchase or contract of purchase, and the evidence shows that intervener was in all respects a good-faith purchaser. Now, in view of the disagreement between the parties as to what contract was in fact made between plaintiff and Webster, we do not think such a case has been made as to require a decree for specific performance. Considering all of the facts, we think the most that can be said in plaintiff's favor is that he had a conditional contract with Webster, as the latter claims, and that by reason of Webster's wife refusing to sign the deed the matter was at an end. To enforce specific performance in a case like this would work a great hardship to the intervener, who, in good faith and without notice of plaintiff's claim, has purchased the property and gone into possession of it. It is, in our judgment, such a case as justified the lower court in doing as it did, refusing a decree, leaving plaintiff to his remedy at law for damages for breach of contract, if, in fact, there was any such breach.—*Affirmed.*