JOSEPH VENATOR V. NELS SWENSON AND SARAH SWENSON, Appellants.

**Specific Performance:** CONDITIONAL LAND SALE. A contract for the exchange of lands, entered into by one of the parties thereto, upon condition that his wife should consent and join with him in the conveyance to be made under the contract, is conditional, and cannot be specifically enforced, against husband or wife, unless the wife consents so to do.

*Appeal from Wapello District Court.*—HON. F. W. EICHELBERGER, Judge.

FRIDAY, DECEMBER 11, 1896.

ACTION for a specific performance of a contract to convey real estate. Decree for plaintiff, and the defendants appealed.—*Reversed.*

*W. S. Coen* and *W. W. Cory* for appellants.

*Steck & Smith* and *W. H. C. Jaques* for appellee.

GRANGER, J.—The petition shows that the plaintiff and the defendant, Nelson Swenson, entered into an agreement for the exchange of lands, the plaintiff to pay a difference of three hundred and fifty dollars; that Nelson and Sarah Swenson are husband and wife; that deeds of conveyance of the respective lands were to be made and delivered about February 1, 1893; that the plaintiff has complied, or was ready to, in all respects, comply with the terms of the agreement on his part, and that the defendants have neglected and refused so to do on their part, and a specific performance is asked, and there is a prayer for general relief. The defendants answered jointly, denying the making of such a contract, but admitting that a proposition

for such an exchange was made by plaintiff, and accepted by defendant Nelson Swenson, on condition that his wife should consent thereto, and sign the deed. It is made to appear from the answer that Sarah Swenson would not consent to the sale, and would not sign a deed in pursuance of it, and that the land in question constituted the homestead of the defendants. The answer charges fraud on the part of plaintiff in representing the value of the real estate he proposed to exchange, and that he clandestinely and fraudulently entered upon the land in question, and matter is presented by way of counter-claim. A reply puts in issue the averments of the answer as to a liability on the counter-claim. The district court entered a decree for performance by both defendants, and providing that, in case of a failure to execute a conveyance, the decree should have that effect. There is no claim that Mrs. Swenson was a party to the contract of sale. We do not think it important to consider the question of homestead right or fraudulent representations as to value. This case, in most of the essential facts, is like that of *Zundelowitz v. Webster*, 96 Iowa, 587 (65 N. W. Rep. 835). We think that appellees do not seriously contend that a decree of performance should be against Mrs. Swenson. She is so plainly within the rule of this court, where such relief is denied, that we need not do more than cite, in addition to the above case, *Leach v. Forney*, 21 Iowa, 271; *Presser v. Hildenbrand*, 23 Iowa, 483; *Zebley v. Sears*, 38 Iowa, 507; and *Mining Co. v. McAdam*, 38 Iowa, 663. More than this, we think there should be no decree for performance against Swenson. Our conclusion, from the record is, that the agreement between Venator and Swenson was conditional. That during the talk, which is claimed to constitute the agreement, there was talk about the wife signing the deed, is not to be doubted. It appears

from plaintiff's evidence, that he asked Swenson about his wife, and Swenson said: "What I agree to do, she does." A witness for plaintiff said: "Heard Swenson say to Joe, that his wife would not sign the deed for less than three hundred and fifty dollars. Swenson said: 'What I do is all right with my wife.'" This evidence shows that the parties understood that the wife was to sign the deed. On the other side, there is much evidence to the effect, that the acceptance of the proposition for an exchange of lands was made on condition that Swenson's wife was satisfied, and would unite in the deed. It is a fact, that the twenty dollars were paid to Swenson on the contract, but there is also evidence tending to show that Swenson took it conditionally. One Spousler, a witness for defendants, after stating other facts, said: "Mr. Venator throwed a gold piece —ten or twenty dollars—on the counter, asked Mr. Swenson to take it, and that would bind the deal. It laid there quite a bit, probably ten minutes. Then Mr. Venator went over to the counter and took the gold piece, and put it into Swenson's hand, and says, 'Take that.' Mr. Swenson says, 'No, I can't take it as a forfeit, because I can't make the deed without my wife's consent.'" The testimony of the plaintiff and his son is to the effect that Swenson did not want to take the money, or trade, until he saw his wife, and that he offered the money back, and plaintiff would not take it, but agreed to go to Swenson's home and talk the matter over with his wife. It is true, there is considerable testimony tending to show an absolute agreement, but the most favorable construction to be placed on all the evidence is that plaintiff and Swenson believed, from the talk, that the trade would be completed, because they agreed as to the terms, and they believed that Mrs. Swenson would sign the deed. Because of this belief, many statements were, likely, made as if

the trade was complete. Such statements are not unusual under such circumstances. It seems to us that this case is like hundreds of others, where men meet and fix the terms of sale of land, and fix a time of performance, tacitly, if not otherwise, understanding that the wives will concur, and with no expectation of the transaction being completed without such concurrence. Such experience is a matter of common knowledge among men of affairs, so that it may be considered in reaching conclusions from particular facts in evidence. We should hesitate before granting a decree for specific performance from plaintiff's own evidence, because it appears therefrom that the matter of the wife's signing the deed was considered; and we do not conclude from Swenson's statement, that his wife would do as he did, that he designed to be bound that she would do so, but only that, from past experience, he had no doubt she would in this case. There is not a word in the evidence to show an intention on his part to trade unless she concurred, nor do we think that the plaintiff thought, or had reason to think, Swenson so intended. The defendant's have not appealed, and no question arises on the counter-claim. Our conclusion is that the judgment should be reversed, and that plaintiff's petition should be dismissed.—REVERSED.