## HESS v. BOWEN.

(District Court, S. D. Iowa, S. D.   March 5, 1916.)

1. SPECIFIC PERFORMANCE ⬿95—RIGHT TO—DEFECTS IN TITLE.

Under a contract to furnish a merchantable title as shown by the abstract, plaintiff, the vendor, tendered a deed which was rejected by defendant on the ground of defects in title. The Supreme Court of the state, in considering plaintiff's title to another portion of the land passing under the same conveyance, found that plaintiff's estate was subject to defeasance on the birth of children. Held, that as specific performance is not a matter of absolute right, but rests in the discretion of the court to be exercised in consideration of all the circumstances of the particular case, defendant cannot be required to accept the conveyance tendered by the plaintiff; for under the circumstances, though the court found that the determination by the state Supreme Court was erroneous, and though such determination was not a binding adjudication as to the property involved, nevertheless defendant would, if compelled to accept the title, be exposed to litigation and possible loss of the land.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 257–277; Dec. Dig. ⬿95.]

2. VENDOR AND PURCHASER ⬿130(2)—CONTRACTS—"MERCHANTABLE TITLE"— "MARKETABLE TITLE."

The terms "marketable" and "merchantable" title are practically synonymous, the term "marketable title" being a title in which there is no doubt involved either as to matter of law or fact, and a purchaser who contracts for marketable title will not be required to take it if there be color of outstanding title and he may encounter the hazards of litigation (quoting Words and Phrases, Marketable Title; Merchantable Title).

[Ed. Note.—For other cases; see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. ⬿130(2).]

In Equity.   Bill by Francis E. Hess against Hugh Bowen.   Decree for defendant.

G. B. Haddock, of Bedford, Iowa, for complainant.

H. P. Jaqua, of Bedford, Iowa, for respondent.

WADE, District Judge.   This is an action for specific performance. It comes before the court upon bill and answer and replication admitting the averments of the answer.   The sole defense pleaded is that the plaintiff failed "to furnish a merchantable title as shown by abstract" as provided by the contract.

The particular defect relied upon arises out of a certain deed executed by C. C. Hess to the plaintiff which conveyed to him a life estate with certain provisions for forfeiture and for transmission of title to remaindermen.   This particular deed was before the Supreme Court of Iowa in Hess v. Kernen Brothers, 169 Iowa, 646, 149 N. W. 847. This case did not involve the specific land now in controversy, but involved a portion of the tract conveyed under the deed aforesaid.   It is admitted by counsel for plaintiff that, if the opinion of the Supreme Court of Iowa in this case expresses the law, the defendant is not bound to accept the title, and there should be a decree in his favor.

It is contended with much earnestness, and argument showing extended research, that the opinion of the Supreme Court is not sound,

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that the deed properly construed, in view of the subsequent conveyances to the plaintiff's brother and sisters, and W. E. Crum, and from Crum to the plaintiff, vests an absolute title in him.

[1] I do not find it necessary to determine the merits of the question involved, or to consider the soundness of the opinion of the Supreme Court.

Specific performance is an extraordinary remedy; it is not a matter of right, but of discretion.

"Specific performance is not a matter of absolute right to either party, but rests in the discretion of the court, to be exercised on consideration of all the circumstances of each particular case. * * * The mere fact of the existence of a valid contract is not sufficient of itself to entitle the plaintiff to this relief." Brewing Co. v. Brywczynski, 107 Md. 696, 701, 69 Atl. 514, 516.

3 Pom. Eq. § 1405, states the rules governing actions of this kind, in which it is said:

"The contract and the situation of the parties must be such that the remedy of specific performance will not be harsh or oppressive."

In note 1 to section 1405, it is stated:

"If, then, the contract itself is unfair, one-sided, unjust, unconscionable, or affected by any other inequitable feature, or if its enforcement would be oppressive or hard on the defendant, or would prevent his enjoyment of his own rights, or would work any injustice * * * then a specific performance will be refused."

In Zundelowitz v. Webster, 96 Iowa, 587, 65 N. W. 835, the court says:

"The specific execution of a contract, in equity is not a matter of absolute right, but it is a remedy—the right to which rests alone in the sound discretion of the chancellor—a discretion controlled by established principles of equity, in view of all the facts and circumstances attending the case presented."

In Pope Mfg. Co. v. Gormully, 144 U. S. 224, 12 Sup. Ct. 632, 36 L. Ed. 414, it is said:

"To stay the arm of a court of equity from enforcing a contract, it is by no means necessary to prove that it is invalid. From time to time immemorial, it has been the recognized duty of such courts to exercise a discretion; to refuse their aid in the enforcement of unconscionable, oppressive, or iniquitous contracts; and to turn the party claiming the benefit of such contract over to a court of law. * * * Omission or mistake in the agreement, or that it is unconscientious or unreasonable, or that there has been concealment, misrepresentation, or any unfairness, are enumerated among the causes which will induce the court to refuse its aid."

Were this an action at law for damages, the court would be required to determine the legal effect of the conveyances in question; but right to relief in a court of equity does not necessarily depend upon strictly legal rights or duties. If to grant relief would be unconscionable, or gravely unjust, or if it would impose extraordinary hardship, a court of equity should not grant specific performance. A court of equity is a court of conscience, and its first inquiry is: What is right and what is just between the parties?

Suppose the court should grant the relief asked by the plaintiff in this case, and compel the defendant to accept the property described in the contract, and pay the consideration therefor; what would he

have?. Under the solemn opinion of the Supreme Court of Iowa, he would have a defective title; if children be hereafter born, he would, under the opinion, have no title.

While the opinion of the Supreme Court is not an adjudication as to this particular property, I have no reason to doubt that the opinion expresses the law as it will be applied in the future should the question come before the same court. Should this court in this case decide contrary to the opinion of the Supreme Court of Iowa, it would have no effect as an adjudication except as between the plaintiff and the defendant.

The plaintiff is a resident of Iowa; if children be born to him, they will probably be born in Iowa, and if born, and they assert their right to the ownership of this property, it may be that the question will have to be determined by the Supreme Court of Iowa; and, in this event, it is apparent that the defendant, or his grantees, would lose the property which the plaintiff is now asking this court to compel the defendant to pay for. I believe it would be a grave injustice to compel the defendant to accept a title so uncertain and involved. I think it would be unconscionable to make him pay for property, the title to which is held invalid by the court of last resort of the state where the property is located.

It must be apparent that such a title would be practically unmarketable in the future, even though this court might attempt to show that the opinion of the Supreme Court was erroneous. Assuming, as I must, that the price which the defendant agreed to pay is the fair value of the property, I can see where such value might be seriously affected by the condition of the title.

[2] The title required by the contract is denominated "merchantable." It is difficult to understand just what is meant by this term as applied to real estate. I apprehend, however, that it was used as synonymous with "marketable."

"'Marketable' and 'merchantable,' are practically synonymous." Eaton v. Blackburn, 49 Or. 22, 88 Pac. 303.

It is doubtful, even if this court should hold plaintiff entitled to the relief asked, whether the title then could be held to be "marketable."

"A 'marketable title' is defined to be, in equity, a title in which there is no doubt involved either as to matter of law or fact. Dalzell v. Crawford, 1 Pars. Eq. Cas. (Pa.) 37, 45. Every title is doubtful which invites or exposes the party holding it to litigation. If there be color of outstanding title which may prove substantial, though there is not enough in evidence to enable the chancellor to say so, a purchaser will not be held to take it and encounter the hazards of litigation. Herman v. Somers, 158 Pa. 424, 27 Atl. 1050, 38 Am. St. Rep. 851." 5 Words and Phrases, 4389.

"The books define a marketable title as one that is not only good but indubitable." Ormsby v. Graham, 123 Iowa, 202, 210, 98 N. W. 724, 727.

A court of equity should not compel the defendant to accept the title tendered by the plaintiff herein, and the relief sought by the plaintiff is denied.

Counsel for defendant will prepare decree, reserving proper exceptions, and submit to counsel for plaintiff, who may file objections to the form, and it will then be passed upon by the court.