## HESS v. BOWEN.

(Circuit Court of Appeals, Eighth Circuit. March 12, 1917.)

### No. 4745.

1. SPECIFIC PERFORMANCE ⬯95—CONTRACTS FOR SALE OF LAND—DOUBTFUL TITLE.

F.'s father conveyed land to him for life or for years subject to forfeiture on certain conditions, the land to vest in his issue, if any, at the time of his death, and, if he should be without issue at the termination of the estate, to vest in the grantor's four children, subject to be divested by the birth of children to F. after forfeiture and before his death. F., while unmarried and without issue, forfeited the land, and the grantor's four other children conveyed to him. The state Supreme Court held, in a suit involving part of the land, that the grantor's four children took only a determinable fee. F. sold another part of the land to defendant, contracting to furnish a good merchantable title, and sued defendant for specific performance. *Held,* that as the court could not adjudicate the

rights of any children of F. who might be born subsequently, his title was too precarious and doubtful to fulfill his covenant, and a decree, compelling the purchaser to take and pay for such title, would have been oppressive and unconscionable, and was properly refused, without construing the deed.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 257–277.]

2. SPECIFIC PERFORMANCE ⬤⇒8—DISCRETION OF COURT.

Specific performance of a contract is not a matter of right, but rests in the sound judicial discretion of the court, informed and directed by the established principles, rules, and practice of equity jurisprudence.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 17, 18.]

3. EQUITY ⬤⇒54—PRINCIPLES—FORCE.

The principles, rules and practice of equity jurisprudence are advisory rather than mandatory, and their application in each particular case is intrusted to the conscience of the chancellor.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit by Francis E. Hess against Hugh Bowen. From a decree for defendant (237 Fed. 510), plaintiff appeals. Affirmed.

G. B. Haddock, of Bedford, Iowa (Ross B. Haddock, of Bedford, Iowa, on the brief), for appellant.

H. P. Jaqua, of Bedford, Iowa, for appellee.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. [1] This appeal challenges a decree of dismissal of a suit for specific performance of an agreement made by Hugh Bowen, the defendant below, to purchase 545 acres of land in the state of Iowa from the plaintiff, Francis E. Hess, on condition that the latter would furnish a good and merchantable title to this land in himself, and would convey that title by a warranty deed to Bowen. The defense was that Hess did not have, and could not furnish, such a title. These are the facts which condition the issue whether or not the court below was in error in refusing to enforce the contract of purchase. In June, 1904, C. C. Hess, the father of the plaintiff, Francis E. Hess, and the owner of these and other lands, made a deed of them, whereby he provided, among other things: (1) That Francis should take an estate for life or for years in the lands on certain conditions, a violation of any of which should forfeit his estate; (2) that if the estate of Francis should be ended by his forfeiture thereof, or his death, and he was at that time married, his wife should take an estate as long as she remained his wife or widow, but the fee-simple title should pass to and be vested in the issue of Francis, if any there should be, living at the time of his death; (3) that if Francis should be without issue at the termination of his estate, the fee simple should vest in the grantor's four other children who were named, "the estate thus granted to the four persons above named being liable to be divested by the birth of

children to Francis E. Hess after forfeiture and before his death." Francis forfeited his estate at a time when he was unmarried and without issue. Afterwards the title, which thereupon vested in the four other children of C. C. Hess who were named in his deed, was conveyed to and vested in Francis E. Hess, and he now has it. He contends that the title he thus obtained is a good and merchantable one, while the defendant insists that it is not: First, because by the express terms of the deed of C. C. Hess it is "liable to be divested by the birth of children to Francis E. Hess after forfeiture and before his death," and he is still living; and, second because the Supreme Court of Iowa, in Hess v. Kernen Bros., 169 Iowa, 646, 657, 149 N. W. 847, upon full consideration of the effect of the deed of C. C. Hess upon the title to another tract of land conveyed thereby, held that all the title which the four other children of C. C. Hess took under that deed was a determinable fee, the duration of which depends upon whether or not there are children born to Francis living at the time of his death, and that immediately upon the death of Francis with living issue the rights of the four other children and of all persons claiming under conveyances from them, and hence the rights of Francis, whose only title is from them, and of all those who may claim under deeds from Francis, will terminate.

The court below was of the opinion that, whether the construction by the Supreme Court of the deed made by C. C. Hess was right or wrong, the title of Francis was not merchantable, and on that ground declined to consider or decide what the true interpretation and legal effect of the C. C. Hess deed was. Counsel for Mr. Hess argue that where in an action for specific performance the character of a title depends entirely upon questions of law, it is not only the province, but the absolute duty, of the court to determine those questions of law on their merits, and if upon such determination it finds the title of the vendor good to decree performance of the agreement of purchase, and in support of this position he cites Chesman v. Cummings, 142 Mass. 65, 68, 7 N. E. 13, and Dow v. Whitney, 147 Mass. 1, 7, 16 N. E. 722. No doubt the contention is well founded in cases in which, as in those cases, all persons who are or may become interested in the title are in the court so that they will be bound by its decree. But suppose that this court should decide that under the deed of C. C. Hess his four other children took a title in fee simple which has been conveyed to Francis, that Francis' title is, therefore, good, and should by its decree compel the defendant Bowen to take that title and to pay the agreed price of it, $42,187.50; and then suppose that children should be born to Francis E. Hess, and he should die while they were living. They are not, and they cannot be, made parties to this suit, and their rights would not be adjudicated by the decision of this court in this case. They might compel the defendant Bowen, or those claiming under him, to litigate his or their claim to the title to these lands in the courts of the state of Iowa. The Supreme Court of Iowa might, and probably would. adhere to its interpretation of the meaning of the deed of C. C. Hess, and this court would have inflicted the loss of a large part, if not all, of the purchase price of this land upon Mr. Bowen, or those claiming under him.

[2, 3] The specific performance of a contract by a court of equity is not a matter of right. It rests in the discretion of the court, not in its arbitrary, whimsical will, but in its sound judicial discretion informed and directed by the established principles, rules, and practice of equity jurisprudence. Hennessey v. Woolworth, 128 U. S. 438, 442, 9 Sup. Ct. 109, 32 L. Ed. 500. Nor are these principles and rules, and this practice, hard, fast, or without exception. They are rather advisory than mandatory, and the application of the rules and of their exceptions to each particular case as it arises is still intrusted to the conscience of the chancellor. Yet these principles and rules and this practice serve to inform the intellect and to enlighten the conscience, and by them the judicial discretion of the court must be guided. Federal Oil Co. v. Western Oil Co., 121 Fed. 674, 676, 57 C. C. A. 428, 430; Shubert v. Woodward, 167 Fed. 47, 54, 92 C. C. A. 509, 516. Because the plaintiff covenanted in his contract to furnish a good merchantable title to the land, and the title he has tendered is too precarious and doubtful to fulfill that covenant, and because a decree compelling the purchaser to pay for this precarious and doubtful title the price of a good merchantable title would have been oppressive and unconscionable, there was no error or inequity in the decree below, and it is affirmed.