INCORPORATED TOWN OF LAURENS, IOWA, v. NORTHERN IOWA GAS & ELECTRIC CO. et al.

(District Court, N. D. Iowa, C. D. January 28, 1920.)

No. 24.

1. INJUNCTION ⊚⇒59(1)—RESTRAINING BREACH OF CONTRACT IS NEGATIVE SPECIFIC ENFORCEMENT.

A mandatory injunction to restrain breach of a contract is a negative specific enforcement of that contract, and the general rule is that the granting of such relief by a court of equity is governed by the rules, principles, and practices which limit the granting of relief by writ of injunction.

2. SPECIFIC PERFORMANCE ⊚⇒8—GRANTING OF RELIEF DISCRETIONARY.

Specific enforcement of a contract by a court of equity is not a matter of absolute right, but rests in the sound discretion of the chancellor, dependent upon the circumstances of each particular case.

3. SPECIFIC PERFORMANCE ⊚⇒73—CONTRACTS REQUIRING CONTINUOUS PERSONAL LABOR OR SKILL NOT ENFORCEABLE.

A court of equity will not decree specific performance of a contract, which requires performance of continuous duties involving exercise of personal labor, skill, and cultivated judgment.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4.** SPECIFIC PERFORMANCE ☜32(1)—CONTRACTS LACKING MUTUALITY NOT ENFORCEABLE.

    A court of equity will not decree specific performance of a contract lacking in mutuality of obligation.

In Equity. Suit by the Incorporated Town of Laurens, Iowa, against the Northern Iowa Gas & Electric Company and another. On motions by defendant to dissolve temporary injunction and to dismiss. Motions granted.

    F. C. Gilchrist, of Laurens, Iowa, for plaintiff.
    Price & Burnquist, of Ft. Dodge, Iowa, for defendants.

REED, District Judge. This suit is by the incorporated town of Laurens, a municipal corporation of Iowa, against the Northern Iowa Gas & Electric Company (and another party not material in this action) upon a contract between the parties substantially like that in the case of the Northern Iowa Gas & Electric Company against the town of Luverne, another municipal corporation of Iowa (No. 28, Equity, decided by this court May 26, 1919, and reported in 257 Fed. at page 818).

It was brought originally in the district court of Iowa in and for Pocahontas county, on November 25, 1918, against the defendant company, a West Virginia corporation, having a place of business at Humboldt, this state, for producing electricity for lighting, heating, manufacturing, and other purposes, and transmitting it to the plaintiff and to other towns in Northern Iowa, to restrain the defendant from disconnecting its transmission line from the line of the plaintiff, whereby it receives electricity from the defendant company, for lighting, heating, and other purposes, which said contract provides, among other things, as follows:

    "The defendant (which is called the company) agrees to sell and furnish to the plaintiff, incorporated town of Laurens, a municipal corporation of Iowa, during a period of ten years from and after the 1st day of November, 1912, all electricity and current that shall be desired by the town or its patrons along its transmission line (whether within or without the town) for lighting purposes, or for other lawful uses, at a stipulated price. At the close of said ten-year period the town may at its option renew this contract for another like period of ten years, and this may be done by the town at its option on the expiration of each recurring ten-year period thereafter until the year 1952. * * *"

There is no other provision of the contract specifying the amount of electricity that the plaintiff town agrees to purchase from the defendant company during the term of said contract, and.it is the contention of the defendant that the plaintiff is under no obligation to purchase or take from the defendant company any electricity or power during the period of said contract, or any renewal thereof, and that it is therefore lacking in mutuality and void.

The original petition as filed in the state court asks that the defendant be enjoined and restrained from violating any of the terms and provisions of the contract, which is attached to the petition, also from ceasing to furnish electricity and power as called for under the terms

of the contract, and that the defendant may by a mandatory writ of injunction be required to furnish power and electricity as stipulated in said contract, and to continue to perform all of the conditions thereof; that upon final hearing said temporary writ of injunction be made permanent; that plaintiff have and recover from the defendant such damages as the plaintiff town may at that time be able to establish, and for such other, further, and different relief as may be agreeable to equity and for the recovery of costs. The temporary writ of injunction was granted by the state court as prayed.

The defendant removed the cause from the state court to this court upon the ground of diversity of citizenship and the record has been filed herein. An amendment to the petition was then filed by the plaintiff in this court after its removal here. Upon the removal of the case the defendant herein filed a motion under the present equity rules to test the sufficiency of plaintiff's petition as amended, to dissolve the temporary injunction issued against it by the state court, and dismiss the petition at plaintiff's costs, upon the following grounds: That it appears upon the face of the petition that said contract, which is attached thereto, is void for want of mutuality, in that there is no obligation upon the part of the town to continue taking electricity from the defendant company for any purpose or in any quantity under or by virtue of said contract. Wherefore the defendant prays that the petition as amended be dismissed, that the temporary writ of injunction be dissolved, and that it recover its costs of the suit.

[1] The mandatory injunction, as prayed by plaintiff in its petition and granted by the state court against the defendant, is but a negative order or decree for the specific performance of the contract set out in plaintiff's petition. The general rule is that the power and duty of a court of equity to grant such relief is governed by the same rules, principles, and practices which limit its powers and duties to grant relief by a writ of injunction. 3 Pomeroy's Eq. Jur. §§ 1340, 1343.

[2] The specific performance of a contract by a court of equity is not a matter of absolute right, but rests in the sound discretion of the chancellor, dependent upon the circumstances of each particular case. Hennessey v. Woolworth, 128 U. S. 438, 9 Sup. Ct. 109, 32 L. Ed. 500; Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501; Marble Co. v. Ripley, 10 Wall. 339, 19 L. Ed. 955; Shubert v. Woodward, 167 Fed. 47, 52, 92 C. C. A. 509, and cases cited; Hess v. Bowen, 241 Fed. 659, 154 C. C. A. 417, affirming (D. C.) 237 Fed. 510; Zundelowitz v. Webster, 96 Iowa, 587, 65 N. W. 835, and cases cited. In Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501, Mr. Justice Field, speaking for the Supreme Court of the United States, said (8 Wall. at page 565, 19 L. Ed. 501):

"This form of relief is not a matter of absolute right to either party; it is a matter resting in the discretion of the court, to be exercised upon a consideration of all the circumstances of each particular case. The jurisdiction, said Lord Erskine, 'is not compulsory upon the court, but the subject of discretion. The question is not what the court must do, but what it may do under the circumstances, either exercising the jurisdiction by granting the specific performance, or abstaining from it.' * * * The rule of equity in carrying agreements into specific performance is well known, and the court is not obliged to decree every agreement entered into, though for valuable consideration, in strictness of law, it depending upon the circumstances."

In Zundelowitz v. Webster, 96 Iowa, 587, 65 N. W. 835, the Supreme Court of Iowa says (96 Iowa, at page 590, 65 N. W. at page 836):

"No rule of law is better settled than 'that specific execution of a contract, in equity, is not a matter of absolute right, but it is a remedy the right to which rests alone in the sound discretion of the chancellor, a discretion controlled by established principles of equity in view of all the facts and circumstances attending the case presented.' [Citing cases.] Specific performance will not be decreed when it would not be equitable, * * * and the party will often be remitted to his legal remedy."

And see Shubert v. Woodward, 167 Fed. 47, 52, 53, 92 C. C. A. 509.

[3] And especially will a court of equity not decree the enforcement of a contract, which requires the performance of continuous duties involving the exercise of personal labor, skill, and cultivated judgment. Marble Co. v. Ripley, 10 Wall. 339, 19 L. Ed. 955, and other cases above cited, including Port Clinton R. R. Co. v. Cleveland & Toledo R. R. Co., 13 Ohio St. 544.

[4] By the terms of this contract the plaintiff town reserves the option to renew it without the consent of the defendant at the end of every ten-year period until the year 1952. In view of this fact and that the contract is lacking in mutuality, I am constrained to deny the injunctive relief granted by the state court to the plaintiff town, dissolve the temporary injunction, and dismiss the petition, at plaintiff's costs.

It is ordered accordingly.