**In the Matter of the ESTATE OF Pearl J. JORSTAD, Deceased.**

**Maynard JORSTAD and Marvin Jorstad, Petitioners and Appellees,**

**v.**

**Gladys YATES, Agnes Monahan, and Mavis Hensley, individually, and Gladys Yates and Agnes Monahan, as co-guardians and co-conservators of the Estate of Martin J. Jorstad, Jr., an incapacitated person, and in their representative capacity on behalf of Martin J. Jorstad, Jr., Respondents and Appellants,**

**and**

**Estate of Pearl J. Jorstad, Silas Langager, Personal Representative, Respondent and Appellee.**

**Civ. No. 890035.**

Supreme Court of North Dakota.

Oct. 24, 1989.

Williston, McIntee & Whisenand, P.C., for petitioners and appellees; argued by Kathleen E. Key-Imes.

Bjella, Neff, Rathert, Wahl & Eiken, PC, Williston, for respondents and appellants; argued by Vern C. Neff.

LEVINE, Justice.

This appeal involves the construction of an instrument labelled "Option Contract", signed only by the optionors, and a determination of the effect, if any, of the subsequent will of one of the optionors upon that document.

On June 30, 1970, Pearl and Martin C. Jorstad signed a document denominated "Option Contract" giving their two sons, Maynard Jorstad and Marvin Jorstad, "the exclusive right to purchase the real estate above described, for the sum of $70,-000.00." The document also provided:

"This option cannot be exercised until the death of either Martin C. Jorstad [Pearl's husband] or Pearl Jorstad. Upon the death of either of them, the survivor shall have the immediate right to sell said property above described to Maynard Jorstad and Marvin Jorstad, upon the terms and conditions above set forth. This option to purchase shall terminate and expire within one year after the death of both Martin C. Jorstad and Pearl Jorstad, subject to the terms and conditions above set forth.

"Notice of the exercise of said option shall be in writing and shall be addressed to the survivor, or if both Martin C. Jorstad and Pearl Jorstad are then deceased, to the executor or administrator of his or her estate."

Maynard recorded the document on July 14, 1970. Martin C. Jorstad died on August 11, 1972. Pearl died on November 5, 1987. She left a will which devised a house to her other son, Martin J. Jorstad, and which contained a residuary clause here at issue. The clause purported to pass the "rest, residue and remainder of my estate of every kind and character whatsoever and wherever situated, including all real property not specifically bequeathed above, and all personal property" in equal shares to her other five children, Marvin, Maynard, Agnes, Gladys and Mavis.

On December 31, 1987, Pearl's will was admitted to informal probate in Williams County Court. On January 12, 1988, Maynard and Marvin (The Brothers) gave written notice of exercise of the option to the co-personal representatives of Pearl's estate who, at the time, were Maynard and his sister, Agnes. Maynard and Agnes subsequently resigned as co-personal representatives and Silas Langager, then Public Administrator for Williams County, was appointed. On June 22, 1988, Langager

moved the Williams County Court for an order to approve the personal representative's acceptance of the option. The motion was resisted by the three sisters, Gladys, Agnes, and Mavis and by Gladys and Agnes as co-conservators of their brother Martin J. Jorstad, an incapacitated person (collectively The Sisters).

After a bench trial, the Williams County Court issued its Findings of Fact, Conclusions of Law and Order for Judgment in favor of The Brothers. The court concluded that the exercise of the option by Maynard and Marvin was timely and valid, that there was no conflict between the option and Pearl's will and that the personal representative of Pearl's estate was contractually bound to honor The Brothers' exercise of the option.

The trial court's conclusions were based on its findings that the "Option Contract" was a continuing offer and because it was supported by consideration, could have been exercised up to a year after Pearl's death.

On appeal, The Sisters argue that the "Option Contract" was not supported by consideration and that it was, at most, a revocable offer which, in fact, was revoked by Pearl's will prior to acceptance by The Brothers.

The burden of proving lack of consideration sufficient to support an instrument is upon the party seeking to invalidate the instrument. N.D.C.C. § 9–05–11. The existence of consideration is a question of law but whether or not consideration has passed is a question of fact. *See Harrington v. Harrington*, 365 N.W.2d 552, 555 (N.D.1985) (existence of consideration is legal issue); *Farmers Union Oil Co. v. Maixner*, 376 N.W.2d 43, 47 (N.D.1985) (whether consideration has failed is question of fact). Questions of law are fully reviewable on appeal, *Wilson v. Wilson*, 364 N.W.2d 113, 114 (N.D.1985), while questions of fact are reviewed under the clearly erroneous standard, *Bechtold Paving, Inc. v. City of Kenmare*, 446 N.W.2d 19, 22 (N.D.1989).

■ The Sisters argue that the trial court erred in determining that the option was supported by consideration. At trial, The Brothers introduced parol evidence on the issue of consideration. Maynard testified that prior to his parents' executing the option, he told them he would have to leave unless arrangements were made "to get things right so that I would have something to work for." He testified that he farmed the land covered by the option for his parents in exchange for and with the understanding that he would enjoy the right to purchase the land under the terms of the option contract within one year after the death of his mother or father. It is undisputed that after the option was executed, Maynard continued to farm his parents' land for the next seventeen years.

Consideration may be any benefit conferred or detriment suffered. *See* N.D. C.C. § 9–05–01. Refraining from doing something which one has a legal right to do is legal detriment and constitutes good consideration. *Farmers Union Oil Co. v. Maixner, supra*, 376 N.W.2d at 46.

Maynard had a legal right to leave his parents' farm and go wherever his dreams might take him. This he refrained from doing because his parents promised to reward him if he stayed. Detriment, in the legal sense, may be sustained by the promisee by the surrender of a legal right, whether that right has substantial value or not. *Gulden v. Sloan*, 311 N.W.2d 568, 572 (N.D.1981). The trial court's conclusion that consideration for the option was the promise to stay and tend the farm comports with the law and its finding that such a promise was made is not clearly erroneous.

■ Because the option was supported by consideration, The Sisters' argument that the option was merely a revocable offer must fail. It is general hornbook law that an option is a continuing offer which, if supported by consideration, becomes a legally binding promise to keep the offer open through the time specified in the option. Simpson, *Contracts* 2d ed. 34–35 (1965). Thus, an option supported by consideration is irrevocable for the life of the offer. In effect, there are two contracts or

enforceable obligations involved in an option agreement supported by consideration. The first is the contract to keep the offer to sell open through the specified time. The second is the contract to sell the land upon timely acceptance by the optionee of the offer to sell. *See id.* As to the contract to keep the offer open, Maynard's remaining on the farm when he did not have to, provided consideration for his parents' promise to hold the offer open and was, at the same time acceptance of their offer to hold open. Later, when The Brothers exercised the option, they were accepting their parents' offer to sell them the farm. Payment of the sale price will complete that sales contract.

■ We next address the question whether the option was timely exercised by The Brothers. The trial court found that by its terms, the option could be exercised at anytime within a year of the death of the last of the two optionors to die, Pearl or Martin C. Jorstad. Thus, when Pearl died on November 5, 1987, having outlived Martin, the option by its own terms remained open for one year following Pearl's death, *i.e.* until November 4, 1988. To obtain an enforceable right to the property, The Brothers had to exercise the option within the time and upon the terms and conditions provided in the option agreement. *See Wessels v. Whetstone,* 338 N.W.2d 830, 832 (N.D.1983). The option permitted exercise of the option within a year following Pearl's death and contemplated that written notice of the exercise would be addressed to the administrator of her estate. Because The Brothers' exercise of the option was within the time frame specified by the option and properly noticed, their exercise of the option on January 12, 1988, was timely and the trial court's finding to that effect was not clearly erroneous.

■ Finally, The Sisters argue that the "Option Contract" was revoked before the Brothers' acceptance by Pearl's execution of the will. The Sisters offered testimony to the effect that it was Pearl's intention to "wipe out everything she had ever signed," including the option, by making the will. They maintain that it was Pearl's intention that The Brothers and The Sisters share equally the 1,320 acre Jorstad farm, rather than that The Brothers only should receive the land upon their exercise of the option.

The Sisters' uncorroborated testimony was discredited by the court. The trial court found that there was no credible evidence that Pearl, by her will or otherwise, intended to revoke the option or that she actually did so.

Even if the facts supported The Sisters' position, the law does not. An option supported by consideration is an irrevocable offer which can be terminated only by lapse of time, supervening illegality, or the death or destruction of a person or thing essential to the performance of the contract. J. Calamari & J. Perillo, *Contracts* 124–25 (1987). Neither the supervening death of an optionor nor an attempted revocation by will terminates an irrevocable offer. *Id.* Thus the trial court did not err in concluding that the will did not revoke the option. We have considered The Sisters' other arguments but they do not affect our decision.

Accordingly, the trial court's judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.