2013 ND 248

**GUTHMILLER FARMS, LLP,**
Plaintiff and Appellee

v.

**Eugene GUTHMILLER, Charlene Guthmiller, and Jeremy E. Guthmiller, Defendants,**

**Eugene Guthmiller, and Charlene Guthmiller, Appellants,**

**Jeremy E. Guthmiller, Appellee.**

No. 20130156.

Supreme Court of North Dakota.

Dec. 19, 2013.

Paul Jonathan Forster (argued) and Malcolm H. Brown (appeared), Bismarck, ND, for plaintiff and appellee, Guthmiller Farms, LLP.

Thomas Myron Jackson, Bismarck, ND, for defendants and appellants, Eugene Guthmiller and Charlene Guthmiller.

Charles Thomas Edin (on brief), Bismarck, ND, for defendant and appellee, Jeremy E. Guthmiller.

CROTHERS, Justice.

[¶ 1]   Eugene and Charlene Guthmiller (collectively "Guthmillers") appeal from a district court judgment finding an option agreement should be honored allowing Guthmiller Farms, LLP and Jeremy Guthmiller to each purchase by contract for deed an undivided one-half interest in specified lands.   The Guthmillers argue that Guthmiller Farms did not have standing to pursue the action, that consideration was invalid for the option contract, that exercise of the option constituted a counteroffer and that the district court erred in considering evidence not disclosed prior to the hearing.   We affirm.

I

[¶ 2]   The Guthmillers are parents to Jeremy Guthmiller and are aunt and uncle to Terry Guthmiller and David Guthmiller. Terry Guthmiller and David Guthmiller own Guthmiller Farms.

[¶ 3]   In September 2003, the Guthmillers sold one-quarter section of land to Guthmiller Farms.   On August 17, 2004, the Guthmillers, Guthmiller Farms, and Jeremy Guthmiller signed an option agreement for property located in Rexine Township, Kidder County, North Dakota. Terms of the agreement gave Guthmiller Farms and Jeremy Guthmiller the option to purchase the property owned by the Guthmillers at $300 per acre, or $192,000.

[¶ 4]   The agreement stated that if exercised, the Guthmillers and Guthmiller Farms would execute a contract for deed under which the buyers would pay twenty-five percent of the purchase price at clos-

ing, together with seven years of equal annual payments with interest at five percent. To exercise its option, Guthmiller Farms was required to advise the Guthmillers in writing of its decision to exercise the option no later than August 17, 2010. The option included that Jeremy Guthmiller could buy an equal share of the land. On August 17, 2010, Guthmiller Farms exercised its option by tendering a proposed contract for deed to the Guthmillers. Jeremy Guthmiller twice exercised his right to his portion of the option; first by notice on August 31, 2010 and second by tendering a contract for deed to the Guthmillers on February 20, 2013.

[¶ 5] The district court issued an order on September 19, 2012 and a judgment on October 19, 2012, finding the option should be honored and Guthmiller Farms should be allowed to purchase the property. The district court held that Guthmiller Farms had standing to maintain the action, that valid consideration supported the option contract and that Guthmiller Farms validly exercised its option. The district court concluded the contract for deed could include Jeremy Guthmiller.

[¶ 6] The Guthmillers and Jeremy Guthmiller moved for relief from the judgment. During the January 24, 2013 hearing, Guthmiller Farms stipulated it had no objection to Jeremy Guthmiller entering into a separate contract for deed with the Guthmillers for a one-half interest. The district court vacated its October 19, 2012 judgment and clarified its September 19, 2012 order by issuing findings of fact, conclusions of law and an order for judgment on February 28, 2013. The district court issued its amended judgment on March 7, 2013.

II

[¶ 7] "Questions of law are fully reviewable on appeal, while questions of fact are reviewed under the clearly erroneous standard." *Matter of Estate of Jorstad*, 447 N.W.2d 283, 285 (N.D.1989) (citations omitted). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made.' " *Crandall v. Crandall*, 2011 ND 136, ¶ 19, 799 N.W.2d 388 (citation omitted). " 'A [district] court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to the findings.' " *Lorenz v. Lorenz*, 2007 ND 49, ¶ 5, 729 N.W.2d 692 (citation omitted).

III

[¶ 8] The Guthmillers argue that Guthmiller Farms was dissolved under section 45–10.2–108(5), N.D.C.C., for failing to file its annual report and that Guthmiller Farms did not have standing to pursue its action because it was not a legal entity at the time of trial. " 'Standing is a question of law, which we review de novo.' " *First International Bank & Trust v. Peterson*, 2011 ND 87, ¶ 9, 797 N.W.2d 316 (citation omitted).

[¶ 9] Guthmiller Farms is a limited liability partnership. The Guthmillers incorrectly cite to the limited partnership chapter, N.D.C.C. § 45–10.2, rather than to the limited liability partnership chapter, N.D.C.C. § 45–22. The relevant limited liability partnerships section states: "[T]he secretary of state shall notify any limited liability partnership failing to file an annual report that the limited liability partnership's registration is not in good standing and that the registration of the limited liability partnership may be revoked . . . ." N.D.C.C. § 45–22–21.1(4). Guthmiller Farms's registration would not be auto-

matically forfeited until October 1, 2012. N.D.C.C. § 45–22–21.1(3), (5). As of the September 19, 2012 order, Guthmiller Farms's registration had not been forfeited, nor had the secretary revoked registration under section 45–22–22.1(4), N.D.C.C. Additionally, the status on the Secretary of State's website that listed Guthmiller Farms as "Not Good Standing" was from June 18, 2012, significantly before Guthmiller Farms's registration would have been forfeited.

[¶ 10] Even had the Secretary of State revoked Guthmiller Farms's registration, Guthmiller Farms would continue as a legal entity with the ability to sue and be sued; the only legal effect of revoking Guthmiller Farms's registration would be that Guthmiller Farms would have been a partnership for the purposes of conducting business. Section 45–22–15(2), N.D.C.C., contemplates this result by discussing dissolved limited liability partnerships continuing to conduct business as successor partnerships. The successor partnership could have operated as a partnership under section 45–14–02(1), N.D.C.C., including exercising its ability to sue in the name of the partnership under section 45–15–07(1), N.D.C.C.

[¶ 11] Guthmiller Farms had standing to pursue this action against the Guthmillers.

IV

■ [¶ 12] The Guthmillers argue invalid consideration supported the option. Guthmiller Farms argues the 2003 land purchase and the 2004 option were part of the same transaction, and the consideration given in 2003 was also for the later memorialized option. "The existence of consideration is a question of law but whether or not consideration has passed is a question of fact." *Jorstad*, 447 N.W.2d at 285. When reviewing findings of fact,

we "must view the evidence in the light most favorable to the findings." *Reimche v. Reimche*, 1997 ND 138, ¶ 12, 566 N.W.2d 790. "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." N.D.C.C. § 9–05–11.

[¶ 13] Guthmiller Farms paid the Guthmillers for real property in 2003, constituting consideration. A factual question remains whether that purchase also was made in consideration of the option agreement. "A written instrument is presumptive evidence of a consideration." N.D.C.C. § 9–05–10. The option states: "Seller, in consideration of [b]uyer's previous purchase from the [s]eller of 160 acres of real estate … hereby grants to the [b]uyer the exclusive option to purchase … Real Property located in Rexine Township, Kidder County, State of North Dakota…." The district court found the stated consideration in the option was in fact consideration for the option.

■ [¶ 14] The Guthmillers argue the consideration was past consideration because the land purchase occurred eleven months before the parties executed the option contract. Section 9–05–05, N.D.C.C., states that "consideration may be executed or executory in whole or in part." *See also Irish Oil & Gas, Inc. v. Riemer*, 2011 ND 22, ¶ 26, 794 N.W.2d 715. Guthmiller Farms asserts the 2003 land purchase was executed consideration, contemplated in support of both the land purchase and the option. The only evidence in the record to the contrary is the Guthmillers' testimony the land purchase was not in consideration of the option agreement, an argument Guthmiller Farms controverts with its own testimony. Neither the Guthmillers nor Guthmiller Farms support their allegations with anything more than testimony before the district

court. Furthermore, the option itself provides ample consideration in that Guthmiller Farms allowed Jeremy Guthmiller to buy in equal shares per the option contract, a right not given as consideration in the prior land purchase.

[¶ 15] Viewing the evidence in the light most favorable to the findings, we conclude the district court was not clearly erroneous in finding valid consideration supported the option contract.

## V

[¶ 16] The Guthmillers argue that exercise of the option constituted a counteroffer. Guthmiller Farms asserts the argument is waived because the Guthmillers did not raise it before the district court. Guthmiller Farms asserts that, if the Guthmillers did not waive this issue, the contract for deed did not constitute a counteroffer.

[¶ 17] Arguments not raised at the trial court and raised for the first time on appeal are not generally considered by this Court. *Working Capital # 1, LLC v. Quality Auto Body, Inc.*, 2012 ND 115, ¶ 13, 817 N.W.2d 346. The Guthmillers assert they raised their counteroffer argument to the district court in their closing argument by arguing that, despite the option contract allowing Jeremy Guthmiller to purchase equal shares in the land, the proposed contract for deed made no mention of Jeremy Guthmiller or his rights. But they do not couch this argument in terms of a "counteroffer" argument. They instead only raise the possibility Jeremy Guthmiller could bring suit against them for his rights under the option. The Guthmillers did not raise their counteroffer argument at the district court, and it is waived.

[¶ 18] Had the Guthmillers raised their counteroffer argument, the result would not change. "An optionee must exercise the option within the time and upon the terms and conditions provided in the agreement." *Matrix Props. Corp. v. TAG Invs.*, 2000 ND 88, ¶ 10, 609 N.W.2d 737. The option stated Guthmiller Farms must provide notice in writing to the Guthmillers of its decision to exercise the option, after which the Guthmillers and Guthmiller Farms agreed to enter into a contract for deed. The form of notice was not specified. The Guthmillers also were aware the contract for deed was only proposed, as they referred to the document as the "proposed contract for deed" in their appellate briefing. Nothing prevented the parties from further negotiating the exact terms of the contract for deed after notice was received.

[¶ 19] The district court was not clearly erroneous in determining Guthmiller Farms validly exercised its option.

## VI

[¶ 20] The Guthmillers' final stated issue is the district court erred in considering evidence not disclosed prior to the hearing. The Guthmillers did not brief or argue this issue on appeal, and it is waived.

## VII

[¶ 21] We conclude Guthmiller Farms had standing to pursue this action, the district court was not clearly erroneous in finding consideration supported the option agreement and the Guthmillers waived their counteroffer and evidentiary arguments. We affirm the district court's judgment that the option between the Guthmillers, Guthmiller Farms and Jeremy Guthmiller to purchase by contract for deed specified lands should be honored.

[¶ 22]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.